The State v. Cave.

THE STATE v. CAVE, *Plaintiff in Error.*

**Pleading Criminal:** INDICTMENT FOR PERJURY. An indictment for perjury which names the cause in which the alleged perjury was committed, and the court in which the same was being tried, states the materiality of the issue so that the court can determine it, sets out the facts alleged to have been sworn to, negatives their truth and properly assigns perjury upon them, is sufficient.

*Appeal from Bates Circuit Court.*—Hon. J. B. Gantt, Judge.

Affirmed.

*A. Henry* for appellant.

In a somewhat similar case to this, it was held that the indictment was not sufficient. *State v. Holden*, 48 Mo. 94; *State v. Keel*, 54 Mo. 184; *State v. Hamilton*, 65 Mo. 669. The indictment only alleges in the language of the pleader the substance and effect of defendant's testimony. Defendant's language, in whole or in part, should have been set out, so that the court might determine its effect.

*D. H. McIntyre*, Attorney General, for the State.

The only point which can be raised upon the record is the sufficiency of the indictment. The indictment is sufficient. It names the cause in which the alleged perjury was committed, the court in which it was being tried, the taking of the oath by the defendant, and the authority of the officer who administered it; it alleges that certain matters became material to such inquiry, and sets them out, sets out the facts to which defendant testified upon such trial, and properly assigns perjury upon them. *State v. Holden*, 48 Mo. 93; *State v. Keel*, 54 Mo. 182; *State v. Wakefield*, 9 Mo. App. 326, and 73 Mo. 549; R. S. 1879, § 1424.

Norton, J.—Defendant was indicted, in the Bates county circuit court, for perjury, and on trial was convicted and his punishment assessed at seven years' imprisonment in the penitentiary, and the cause is brought to this court by writ of error, and the only question presented is, whether the indictment is sufficient in law.

The indictment charges that, in the Bates county circuit court, one Isaac McKinzie was, in due form of law,

tried upon a certain indictment then and there depending against him, the said Isaac McKinzie, and of which the court had jurisdiction, for having on or about the 2nd day of January, 1879, at the city of Butler, in the county of Bates and State of Missouri, willfully, maliciously and feloniously set fire to and burned a certain house then and there being the property of one John A. Devinny, on which said indictment the said Isaac McKinzie then and there pleaded not guilty, and the said issue was then and there to be tried by a jury of the county in that behalf duly sworn, and at the said trial, so then and there had as aforesaid, one George Cave then and there appeared as a witness for and on behalf of the State of Missouri, plaintiff in said action aforesaid, and was then and there duly sworn and took his oath before said court, which said oath was duly administered to the said George Cave by Hon. Jas. B. Gantt, who was then and there judge of said court, having full power and competent authority to administer the said oath to the said George Cave in that behalf, that the evidence he should give to the court there and the jury so sworn as aforesaid, touching the matter then there in question, should be the truth, the whole truth and nothing but the truth.

And at and upon the trial of the said cause aforesaid, it then and there became and was a material question whether the said Isaac McKinzie and one John Bybee had on or about the 2nd day of January, A. D., 1879, at the county of Bates and State aforesaid, willfully, maliciously and feloniously set fire to and burned a certain house building belonging to one John A. Devinny, and situated on the north side of the public square in the town of Butler, in said county of Bates, and the said George Cave then and there, upon his oath aforesaid, feloniously, willfully, corruptly and falsely, before the court and jury aforesaid, did depose and swear in substance and to the effect following: That is to say, that he, the said George Cave, on the first day of January, A. D., 1879, started from Henry

county, Missouri, where he then lived, at four o'clock in the afternoon of that day and arrived in the town of Butler aforesaid at one o'clock in the morning of the 2nd day of January, A. D., 1879, and immediately went to a saloon on the northeast corner of the public square in said town of Butler aforesaid, which said saloon was then and there kept by Wainscot and Bailes, where he saw Isaac McKinzie and one John C. Bybee in said saloon kept by Wainscot and Bailes as aforesaid. That while in said saloon aforesaid he, the said George Cave, heard the said John C. Bybee ask the said Isaac McKinzie if he, the said Isaac McKinzie, were going to do that work for him, the said John C. Bybee, and that he, the said George Cave, saw the said John C. Bybee give to the said Isaac McKinzie two ten dollar bills telling him, the said Isaac McKinzie, to go and do that work for him, the said John Bybee; that he, the said George Cave, immediately thereafter went out of said saloon aforesaid and was immediately followed by the said John C. Bybee and Isaac McKinzie aforesaid, and that he then and there heard the said John C. Bybee tell the said Isaac McKinzie as they came out of said saloon to give Devinny a good scorching; that immediately thereafter he, the said George Cave, saw the said Isaac McKinzie walk across the street and go to a furniture store then and there kept by H. V. Pentzer and pick up some shavings that were lying in front of the furniture store and saw him, the said Isaac McKinzie, go in a southwesterly direction from said furniture store toward the rear end of the building belonging to the said John A. Devinny, being the building which he, the said Isaac McKinzie and John C. Bybee were charged with having burned in the said indictment then pending as aforesaid, and then and there saw the said Isaac McKinzie strike a match and ignite the shavings aforesaid and disappear behind certain buildings immediately east of the said building owned by the said John A. Devinny, and between the said Devinny building and him, the said George Cave; that the said John C. Bybee aforesaid was then and there

present and saw what was being done by the said Isaac Mc-
Kinzie; that he, the said Geo. Cave, immediately thereafter
got on his mare and rode east and turned south until he came
to what was then the Johnstown road, and then went east
beyond the residence of Wm. Ross, then turned south and
went to the residence of one Jacob Straton, colored, and
staid the remainder of the night; that in the morning he,
the said George Cave, rode up into Butler aforesaid and
saw where the building aforesaid and other buildings adja-
cent thereto had been burned the night previous, and then
immediately thereafter left the said town of Butler and re-
turned to his home in Henry county, Missouri, aforesaid.

The indictment, after negativing the truth of said tes-
timony by proper averment, charges that the defendant did
then and there, in manner and form aforesaid, unlawfully,
willfully, corruptly and feloniously commit willful and cor-
rupt perjury.

The indictment in question is not subject to the objec-
tion made to those in the cases of *State v. Holden*, 48 Mo.
93, and *State v. Keel*, 54 Mo. 182, where the indictments
were held bad because it did not appear from them that the
evidence given on the trial related to any material issue in
the cause being tried. But, in the present case, the mate-
riality of the issue being tried, and to which the evidence
of defendant related, appears clearly upon the face of the
indictment. The indictment alleges that the issue on trial
was, whether one McKinzie was, or not, guilty of the crime
of arson in burning a house in the city of Butler, Bates
county, the property of one Devinny; it names the cause,
the court in which the trial was had, the materiality of the
issue is so stated that the court could determine as to its
materiality, sets out with great particularity the facts to
which defendant testified, bearing directly upon the issue,
negatives the truth of the facts sworn to, and properly as-
signs perjury upon them. This, under the authority of the
cases above cited, is sufficient.

The objection that McKinzie was on trial for setting

fire to and burning a house in the city of Butler, and the evidence of defendant related to the burning of a house on the north side of the public square in the town of Butler, is too technical to merit serious consideration.

Judgment affirmed, in which all concur.