THE STATE, *Plaintiff in Error*, v. HUCKEBY.

1. **Pleading, Criminal** : PERJURY : INDICTMENT. An indictment for perjury which names and particularizes the cause in which the alleged perjury was committed, and the court in which the cause was tried, avers the materiality of the issue so that the court can determine it ; avers that the oath was administered by one having competent authority, sets out the facts alleged to have been sworn to, negatives their truth, and properly assigns perjury upon them, is sufficient under Revised Statutes, section 1424.

2. The indictment for perjury in this case examined and held sufficient.

*Error to Scott Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*B. G. Boone*, Attorney General, for the state.

The indictment in this case is drawn upon section 1418, Revised Statutes, and follows the requirements of section 1424, Revised Statutes. It clearly sets forth the substance of the offence charged, names the cause in which the alleged perjury was committed, the court in which the same was being tried, states the materiality of the issue so that the court can determine it, sets out the particular facts alleged to have been sworn to, negatives their truth, and properly assigns perjury upon them. This is all that is required. *State v. Cave*, 81 Mo. 450,

and cases cited; Bish. Crim. Pr. (3 Ed.) sec. 911; *Donohoe v. State*, 14 Tex. App. 648. The English statutes in regard to perjury (14 and 15 Vic., chap. 100, sec. 20), are substantially the same as ours, section 1424, Revised Statutes. The indictment in the case at bar would be good under the English statute after striking out repetitions and immaterial matters, alleged with needless particularity. These may be treated as surplusage and the indictment will still be good under our statute. *State v. Cave, supra;* 2 Arch. Cr. Pr. & Pl. (8 Ed.), note 1 commencing on page 1719; *State v. Langley*, 34 N. H. 529; *State v. Newton*, 1 Green (Iowa) 160; *State v. Varrell*, 58 N. H. 158. This court has held an indictment for perjury sufficient which did not charge the offence with the precision and particularity used in this case. *State v. Belew*, 79 Mo. 584.

No brief for defendant in error.

NORTON, J.—This case is before us on a writ of error prosecuted by the state from the judgment of the Scott county circuit court, quashing an indictment charging defendant with the crime of perjury. The indictment is as follows:

"STATE OF MISSOURI, ⎰ ss.
  " COUNTY OF SCOTT. ⎱

" In the circuit court of Scott county, Missouri, April term, 1883:

"The grand jurors for the state of Missouri, duly empaneled, sworn and charged to inqure within and for the county of Scott aforesaid, upon their oath, present that, heretofore, at one of the justice of the peace courts of Richland township, in said county and state, on the eleventh day of January, 1883, before William Boutwell, Esquire, one of the justices of the peace of said township, in said county and state, a certain issue be-

tween one James Marshall and one John D. Ebert, in a certain action to recover money had, received and paid out, by mistake or oppression, wherein the said James Marshall was plaintiff, and the said John D. Ebert was defendant, came on to be tried in due form of law, the said court then and there having competent authority in that behalf, and the said issue was then and there tried by the said justice of the peace, sitting as a court as aforesaid in that behalf, upon which said trial one William R. Huckeby then and there appeared as a witness for, and in behalf of, the said John D. Ebert, the said defendant in the action aforesaid, and was then and there duly sworn, and took his oath before the said court, which said oath was then and there administered by the said William Boutwell, Esquire, justice of the peace as aforesaid, then and there sitting as a court as aforesaid, then and there having full power and competent authority to administer the said oath to the said William R. Huckeby in that behalf, that the evidence which he, the said William R. Huckeby should give to the court then and there aforesaid, should be the truth, the whole truth, and nothing else but the truth, and that, upon the trial of the issue so joined between the parties aforesaid, it then and there became, and was, a material question whether the said James Marshall had bought of the said John D. Ebert, at his store in the town of Sikeston, in said county and state, on the twentieth day of January, 1882, certain goads, wares and merchandise, amounting in price and value to $4.90, itemized as follows : Calico of the price and value of one dollar ; one pair of shoes for ninety cents ; one pair of shoes for seventy-five cents ; eight yards of prints for one dollar and sixty cents, and checks for sixty-five cents. And that the said William R. Huckeby then and there, on the trial of said issue, upon his oath aforesaid, feloniously, wilfully, corruptly, and falsely, before the court aforesaid, did depose and swear in substance, and

to the effect following; that is to say: 'That the said James Marshall, on the twentieth day of January, 1882, did buy of the said John D. Ebert, at his store in said town of Sikeston, aforesaid, calico at the price of one dollar, one pair of shoes for seventy-five cents, one pair of shoes for ninety cents, eight yards of prints for one dollar and sixty cents, and checks for sixty-five cents, saying: I (meaning himself), say this is the James Marshall (meaning the said James Marshall then and there at the time being the plaintiff in the cause of action aforesaid), who got these goods (meaning the calico, shoes, checks and prints aforesaid). The said William R. Huckeby then and there well knowing that the said James Marshall, the plaintiff in said action, was not the person who bought said articles of goods, wares and merchandise of the said John D. Ebert, the defendant in said action, at his store in said town of Sikeston, on the twentieth day of January, 1882, and that the said William R. Huckeby then and there knew that the said testimony by him given, under oath as aforesaid, to be false and corrupt; whereas, in truth and in fact, the said James Marshall did not buy said articles of goods, wares and merchandise, to-wit: the said calico, shoes, prints and checks, amounting to four dollars and ninety cents, but that one James H. Marshall did buy said calico, shoes, prints and checks, for the price of four dollars and ninety cents aforesaid, at the time and place aforesaid, and of the said John D. Ebert aforesaid. And so the grand jurors aforesaid, upon their oath aforesaid, say that the said William R. Huckeby, on the said 11th day of January, 1883, at the county and state aforesaid, before the court aforesaid, upon the trial aforesaid, did, in manner and form aforesaid, feloniously, wilfully, cor- ruptly, and falsely, commit wilful and corrupt perjury against the peace and dignity of the state.

"ALBERT DeREIGN,
"Prosecuting Attorney."

The indictment in question is founded on section 1418 of Revised Statutes, which provides that: "Every person who shall wilfully and corruptly swear, testify, or affirm falsely to any material matter, upon any oath or affirmation, or declaration, legally administered, in any cause, matter, or proceeding, before any court or public body, or officer,    *   *   *    shall be deemed guilty of perjury."

It is provided in section 1424, Revised Statutes, that " in any indictment for perjury, it shall be sufficient to set forth the substance of the offence charged, and by what court, or before whom the oath was taken, averring such court or person to have competent authority to administer the same, and that the matter or testimony alleged to be false was material to a certain matter or issue named, without setting forth the particular facts showing its materiality, together with the proper averments to falsify the matter wherein the perjury is assigned, without setting forth any part of the record, proceeding, or process, or any commission or authority of the court or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same."

The indictment in question fully complies with the requirements of said section. It names and particularizes the cause in which the alleged perjury was committed, and the court in which the cause was tried, avers the materiality of the issue so that the court can determine as to its materiality, avers that the oath was administered by one of competent authority, and sets out the facts alleged to have been sworn to, negatives their truth, and then properly assigns perjury upon them. The indictment was sufficient and the court erred in quashing it. *State v. Cave*, 81 Mo. 450.

Judgment reversed and cause remanded. All concur.