## THE STATE v. POWERS, *Appellant.*

### Division Two, December 1, 1896.

1. **Criminal Law**: PERJURY: INDICTMENT. An indictment for perjury founded on Revised Statutes, 1889, section 3671, *held* sufficient.

2. **Criminal Practice**: INSTRUCTIONS: CONTINUANCE: EXCEPTIONS. The action of the trial court in giving and refusing instructions and in overruling an application for a continuance will not be reviewed on appeal where no exceptions are saved.

3. ——: SUMMONING JURORS: SHERIFF, DISQUALIFICATION OF. A sheriff is disqualified to summon jurors to serve in a criminal case in which he is the prosecuting witness and this is true of a cause pending in the criminal court of the city of St. Louis where he had discretion to select a panel of thirty-four from a list of one hundred and fifty names furnished him by the jury commissioner.

4. ——: JURORS: CHALLENGE TO THE ARRAY. A challenge in a felony case to the array on the ground of the disqualification of the sheriff to summon the jurors being made before any challenges to the polls and before return to the *venire* is seasonable.

*Appeal from St. Louis Criminal Court.*—HON. HENRY
L. EDMUNDS, Judge.

REVERSED AND REMANDED.

*Charles T. Noland, Ben Clark,* and *William Fitz-
gerald* for appellant.

(1)   The court erred in overruling defendant's
application for a continuance.   (2)   The court erred
in overruling defendant's challenge to the array, and
his motion to quash the panel, and his objection to
the jury being sworn, inasmuch as the sheriff was
interested in the suit, and from the record and knowl-
edge within the breast of the court it should have
"appeared" to the court that the sheriff was prejudiced
against the defendant and should not have been
allowed to skip about on the list and select at his own
will what men out of the one hundred and fifty sum-
moned should be called for *voir dire* examination.
Rev. Stat. 1889, sec. 8188; 1 Thompson on Trials,
sec. 32; Thompson & Merriam on Juries, sec. 132;
Murfree on Sheriffs, secs. 386–388; *State v. Smith*, 90
Mo. 37; *State v. Leabo*, 89 Mo. 247; *State v. Degonia*,
69 Mo. 485, Dissenting Opinion of Judges SHERWOOD
and HENRY; *State v. Holm*, 54 Mo. 153; *State v. New-
house*, 29 La. Ann. 824; *People v. Tweed*, 50 How. Pr.
286; *Webster v. Smith*, 13 Mo. App. 323; *Munshower
v. Patton*, 10 Serg. & R. 334; *Woods v. Rowan*, 5
Johns. 133; *Cowgill v. Wooden*, 2 Blackf. 332; *King v.
Sheppard*, 1 Leach C. C. 119; *Rex v. Johnson*, 2 Strange
Rep. 1000.   (3)   The indictment fails to charge that
the alleged false testimony of John L. Powers, in the
case of *State v. Henry Troll*, was material to the deter-
mination of the issues in that case, and therefore the
indictment is insufficient to support a conviction for

perjury, and the court erred in overruling defendant's motion in arrest.

*R. F. Walker*, attorney general, *Morton Jourdan*, assistant attorney general, and *C. O. Bishop* for the state.

(1) The indictment was sufficient. (2) No exceptions were saved to the rulings on the instructions and hence same can not be reviewed on appeal. (3) The same is true of the overruling of the application for the continuance. See *State v. Stevenson*, 91 Mo. 94. (4) The challenge to the array of the jurors was made too late. *State v. Clark*, 121 Mo. 500.

GANTT, P. J.—The defendant was indicted in the St. Louis criminal court at the January term, 1895, for perjury alleged to have been ·committed on the trial of Henry Troll who was charged with corrupt practices at the election in 1894, at which said Troll was a candidate for sheriff of the city of St. Louis.

I. The indictment is sufficient. It distinctly charges that "upon the trial of said issue between the said parties as aforesaid it then and there became and was a material question whether the said Henry Troll did give and pay to the said John L. Powers $50 for the purpose of influencing the vote of said John L. Powers," etc. This complies with the statute. Sec. 3666, R. S. 1889; *State v. Cave*, 81 Mo. 450; *State v. Huckeby*, 87 Mo. 414.

II. No exceptions were saved to the giving or refusal of instructions and hence the action of the court in that respect is not open to review.

III. Much stress is laid upon the refusal to grant a continuance on the sixth of November, 1895. The application for continuance appears for the first time in the

record in connection with the motion for new trial.    It is marked "filed and overruled as insufficient." No exception appears to this ruling and we must decline to investigate the merits of the application.

IV. The real point of contention is the denial of the challenge to the array of jurors summoned to try the case.    This challenge was in these words:

"In the St Louis Criminal Court, November Term, 1895.

"The State of Missouri  
         v.      } Indictment for perjury.  
John L. Powers.

"Now comes the defendant by his attorneys and challenges the array of the panel herein.    Because the said panel was summoned and selected by an officer of this court who is a party directly interested and the prosecutor in this case and this defendant is ready to verify.    Wherefore he prays judgment that the said panel may be quashed.

"JOHN L. POWERS.

"By MORRIS, BUTLER & FITZGERALD

with BENJ. F. CLARK, his attorneys."

The facts in regard to the summoning of these jurors are, that previous to the November term, 1895, Judge Edmunds, the judge of the St. Louis criminal court, directed the sheriff to summon one hundred and fifty good and lawful men whose names should be taken from the jury commissioner's list in the manner provided by law; the jury commissioner certified a list of one hundred and fifty jurors under this order to Henry Troll, the sheriff; prior to the completion of the challenges the defendant's attorneys asked for the return of the sheriff to this order, and it appeared that no formal return had been made, but the original list was in court with certain marks or checks thereon which were explained by a deputy sheriff in this manner:

those names against which there appeared a cross mark were personally served; those not found had upright parallel lines opposite their names, and those notified by copy had a check against their names.

To the demand that the sheriff make his return the court replied: "It is admitted in this cause, conceded in this cause, that the jurors were served by Sheriff Troll."

Thirty-four jurors made up the panel from which the twelve were to be selected. The state made its challenges after the court refused to quash the panel, and thereupon the defendant declining to make any challenges the court ordered the first twelve to be sworn. Their names and numbers with reference to the list of one hundred and fifty are as follows: Walter D. Heron, number on list 55; Henry C. Wilkening, number on list 145; Nicholas Hiltsch, number on list 59; Henry J. Schlef, number on list 107; Jacob F. Jud, number on list 66; Paul Schoene, number on list 110; John Schulz, number on list 111; Emil Schurr, number on list 113; Prentiss G. Scudder, number on the list 114; W. B. Searing, number on the list 115; Solomon P. Sharp, number on the list 117; James Spengler, number on the list 125.

The defendant then objected to the impaneling of this jury, which objection was overruled by the court, and defendant then and there excepted to the court's ruling. The court then said: "You object to the swearing of the jury?" Mr. Fitzgerald: "Yes, sir." The court: "The objection is overruled." To which ruling of the court defendant then and there excepted.

During the colloquy between the court and counsel as to the disqualification of the sheriff to act in the premises, Mr. Fitzgerald said: "If your honor please, the defendant does not take exceptions to the action of the court at all in using its discretion in excusing jurors;

that, we conceive, is the prerogative of the court, but we object to the sheriff of the city of St. Louis, when he is an interested party to the case, when he is the prosecuting witness in the case, in which the defendant is charged with the commission of a felony, to use his discretion as to the jurors to serve out of these one hundred and fifty names."

The partiality of the summoning officer was ground for a challenge to the array at common law. The impartiality of jurors depended largely upon the indifference of the officer selecting them. Many illustrations of this are to be found in the early common law reports. Had this case occurred at common law it can not be doubted that the sheriff, whose name is indorsed on this indictment as the prosecutor, and the perjury charged having occurred, if at all, in the trial of this sheriff himself for criminal practices, would have been held an improper officer to select a jury to try the man who was a witness against him. *Sheppard's* case, 1 Leach C. C. 119; 3 Blackstone's Com. 359; *Munshower v. Patton*, 10 Serg. & R. 334; *Rex v. Johnson*, 2 Str. 1000; *Cowgill v. Wooden*, 2 Blackf. 332; *Woods v. Rowan*, 5 Johns. 133.

Does the fact that under our laws he merely summons those certified to him by the clerk of the court or jury commissioner remove all objections to his competency for partiality?

While his opportunities to select his own partisans are greatly circumscribed by our laws, yet it is not without his power to exercise a choice as to the triers. He might in this case have selected from the one hundred and fifty names, those most friendly to himself and those most inimical to the defendant and omitted or purposely neglected to summon others whom he might think friendly to defendant or at least not prejudiced against him. If to this suggestion it be replied that

the law will presume in favor of his official conduct, that he acted in an impartial manner, we reply that no such presumption arises when the officer has an interest to act otherwise, and it is precisely because he may act from his personal feeling that the law interposes and says he shall not be subjected to the temptation. The law will not enter upon the inquiry as to the impartiality of the individuals summoned. It simply requires the officer to be impartial, and this rule should not be relaxed, because it wisely guards against partiality and corruption. It is apparent that the sheriff did use his discretion in calling the jurors into the box because their numbers ranged from 55 to 145 and he had only thirty-four to qualify. We think the sheriff was disqualified to act in summoning this jury.

The remaining question is, did the challenge come in time.

It might have been made earlier, and yet it was made before the state announced her challenges to the polls. It is to be noted that the sheriff had not yet made his return of the venire so that it could not be said that the defendant knew as a fact that Troll had summoned the jury.

In *Degonia's* case (69 Mo. 485) the challenge to the array was made after the panel of forty had been examined and found qualified, and was sustained because the persons who summoned the jurors were neither deputies nor sworn officers, and this court made no adverse comment on the ruling.

Considering the gravity of the charge; the heavy punishment that follows a conviction for perjury; the delay in making the return to the venire, and that the array was challenged before any challenges to the polls had been announced, and regarding it as exceedingly important that in trials for felonies there should be no question of the impartiality of the jury who try the

case, or the officer who summons them, we conclude that the learned criminal court should have quashed the panel summoned by sheriff Troll.   Our ancestors guarded the purity of the administration of justice from even the suspicion of partiality.   It is because the sheriff had the power to execute the venire partially that the law disqualified him from executing it at all.

V.   As the case must be retried, we may caution counsel for the state against the hearsay that crept into this record as to the character of the witnesses who testified to the sheriff's good character in the prosecution against him.   The whole investigation of Mr. Bishop's conduct in that prosecution was utterly irrelevant in this case.   Whatever the methods used to acquit the sheriff, his acquittal was complete, and the question now is the guilt or innocence of defendant on the charge of perjury in that case.   All other inquiries are foreign to the case and should be excluded.

For errors noted the judgment is reversed and the cause remanded.   SHERWOOD and BURGESS, JJ., concur.