THE STATE, *Appellant*, v. NELSON.

Division Two, November 21, 1898.

1. **Perjury:** INDICTMENT: CHARGE OF COURT'S AUTHORITY TO ADMINISTER OATHS. An indictment which contained the following averment sufficiently charged the *court* before whom perjury was committed: "At the May term of the circuit court of Newton county, before Hon. J. C. Lamson, judge of the twenty-fourth judicial circuit of the State of Missouri and *ex officio* judge of the Newton county circuit court, a certain issue came on to be tried in due form of law, the said court then and there having competent authority in that behalf," etc.

State v. Nelson.

2. ———— : ————: NECESSARY AVERMENTS.  An indictment for perjury substantially conforms to the statute and approved forms which designates the cause in which the alleged perjury was committed and the court in which such cause was pending and tried, points out the materiality of the issue so that it can readily be determined that it was material, avers that the oath was administered to defendant by an officer that had full power to administer oaths, and then sets out the evidence of the witness, negatives its truth and assigns perjury. •

*Appeal from Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

(1)   The indictment sets out in legal form sufficient facts and charges to constitute a cause of action for the crime of perjury.  R. S. 1889, secs. 3665 and 3671; *State v. Huckeby*, 87 Mo. 414; *State v. Cave*, 81 Mo. 454; Kelley's Crim. Law, sec. 821; *State v. Pratt*, 98 Mo. 482; *State v. Jennings*, 98 Mo. 493; *State v. Hormon*, 106 Mo. 635; *State v. Smith*, 63 Vt. 201; *State v. Massie*, 5 Tex. App. 81; *State v. Mattingly*, 8 Tex. App. 345; *Comm. v. McCarty*, 152 Mass. 577; *Comm. v. Sergeant*, 129 Mass. 115.   (2)   The essential element necessary to be averred in the indictment and proved in evidence in prosecutions for perjury are: *First*, the statements relied upon as constituting the perjury must be under oath; *second*, they must have been made in a court having jurisdiction; *third*, they must be under circumstances where the taking of an oath is authorized; *fourth*, they must be of a material character, that is material to some issue in the trial of the case; *fifth*, they must be false and so charged; *sixth*, they must be willfully and corruptly made. (*a*)   The indictment in the case at bar properly

charges the oath to have been administered by one having authority so to do. It is sufficient in such cases to aver that the person had lawful and competent authority to administer the oath, and it is not necessary to state the nature or context of the authority of the person so administering it. The indictment further charges that the perjury took place on a certain trial, and fully describes the court, the cause pending, the manner of the oath and by whom administered. *Comm. v. Reynolds*, 89 Ky. 147; *State v. Mace*, 86 N. C. 668; *State v. Knight*, 84 N. C. 789; *People v. Waite*, 102 Cal. 251. (*b*) While there are sufficient facts set out to show materiality of the things falsely sworn to by defendant, yet, under our statute, it is unnecessary to set out such facts showing such materiality so long as the indictment contains an averment that such facts so falsely sworn to concerned matters material to the issue, or were matters material. R. S. 1889, sec. 3671; *State v. Gandy*, 23 Neb. 436; *Dilcher v. State*, 39 Ohio St. 130; *Williamson v. State*, 68 Ala. 551; 2 Russell on Crimes, 639; 2 Chitty's Crim. Law, 307; *Pollard v. People*, 68 Ill. 148; *People v. Brilliant*, 58 Cal. 214; *State v. Davis*, 69 N. C. 496. (3) A proper description of the oath is given in the indictment. It is not necessary to allege in what particular form the person charged was sworn, it is sufficient to allege that he was duly sworn or that he was sworn according to law. *People v. Tuttle*, 36 N. Y. 431; *State v. Dodge*, 24 N. J. 455; *State v. Jackson*, 15 Tex. App. 24; *State v. Beach*, 32 Tex. App. 240; *Babcock v. U. S.*, 34 Fed. Rep. 834; *U. S. v. Lehman*, 39 Fed. Rep. 49.

*George Hubbert* for respondent.

(1) The indictment has no definite charge, description of any tribunal, person or body having juris-

diction; does not describe with certainty any pending cause, matter or proceeding; nor any lawful issue for trial under the law, before any named tribunal, official or body.   (2)   The allegation of an "issue of damages" affords no sufficient information as to how raised or before whom; whether lawfully triable or by whom determinable.   (3)   A judge is named and described, but no court is shown to have been organized or judge sitting therein.   An issue is assumed, but in what cause or how made, or in what court, does not appear. There is a "plaintiff" and a "defendant" and an "issue for damages," but in what sort of matter, is left to inference.   A trial came on, not before a judge sitting, nor before a court, but before a jury.   (4)   The basic guaranty in section 22, Bill of Rights, is that an indictment must contain allegations to a certainty of every fact, *i. e.*, a clear and distinct setting down of all the facts, which are essentially necessary to the punishment to be inflicted upon conviction; and this is so even where the General Assembly has assumed to prescribe that a certain form, containing less, shall be good.   *Terry's* case, 109 Mo. 601; *Barbee's* case, 136 Mo. 440.   Nothing should be taken as supplied to an indictment by intendment; every substantive fact, which it is necessary to prove in order to convict, must first be expressly, clearly and certainly charged, and the innocence of the defendant negatived by the terms of the indictment.   *Austin's* case, 113 Mo. 538; *Green's* case, 111 Mo. 585; *Reed's* case, 117 Mo. 604; *Kirby's* case, 115 Mo. 440; *Rector's* case, 126 Mo. 328.

GANTT, P. J.—At the May term, 1897, the grand jury of Newton county returned the following indictment:

"The grand jurors of the State of Missouri impaneled, sworn and charged to inquire within and for

the body of the county of Newton in the State afore-
said, upon their oath present and charge that hereto-
fore, to wit at the May term of the circuit court of the
county of Newton aforesaid, on the ——— day of May,
A. D. 1897, at the county aforesaid, before Hon. J. C.
Lamson, judge of the 24th judicial circuit of the
State of Missouri, and *ex officio* judge of the Newton
county circuit court, a certain issue between one E. S.
Kenney and the Kansas City, Pittsburg and Gulf
Railroad Company, a corporation, for damages alleged
to have been caused by said railroad company in unlaw-
fully building and constructing its road across a part
of a natural stream of water, viz., that part of said
Shoal creek known as Cogswell's slough, at a point near
which plaintiff's corn and wheat was situate in said
county, in such a manner as to entirely obstruct the
waters of said stream, thereby overflowing and damag-
ing the crops of the said E. S. Kenney, wherein the
said E. S. Kenney was plaintiff, and the said Kansas
City, Pittsburg and Gulf Railroad Company was de-
fendant, came on to be tried in due form of law, the
said court then and there having competent authority
in that behalf; and the said issue was then and there
tried by a jury of the county in that behalf, duly sworn
and taken between the parties aforesaid; upon which
said trial, one A. M. Nelson, then and there appeared
as a witness for and on behalf of the said Kansas City,
Pittsburg and Gulf Railroad Company, defendant in
the action aforesaid, and was then and there duly
sworn and took his oath before the said court; which
said oath was then and there duly administered to the
said A. M. Nelson, by one D. W. Tuder, who was then
and there clerk of said court, having full power and
competent authority to administer the said oath to the
said A. M. Nelson in that behalf, that the evidence
which he, the said A. M. Nelson, should give to the

court there, and to the said jury so sworn as aforesaid, touching the matter then in question  between the said parties, should be the truth, the whole truth, and nothing but the truth; and that at and upon the trial of said issue so joined between said parties aforesaid, it then and there was and became a material question, whether the said stream was a natural water course, and whether the channel in and across which was built the embankment of said defendant's railroad was a natural water course, and whether at all times water flowed through the same, and whether at normal stages of the water there was a living stream in said channel; and that the said A. M. Nelson, then and there, upon the trial of the said issue upon his oath aforesaid, feloniously, willfully, corruptly and falsely, before the court and jury aforesaid, did depose and swear in substance and to the effect following, that is to say, that said stream is not a natural water course; that I have seen it in 1894, when the water did not flow through said slough, meaning the channel aforesaid, and that at normal stages of the water there was no living stream there, meaning in the channel aforesaid, whereas, in truth and fact, at normal stages of the water there was a living stream in said channel and slough, and was and has been running and living water in and through the same for a long time prior to the year 1894, and during said year and ever since said date; the said stream being a part of the natural water course aforesaid, known as Shoal creek.

"And so the grand jurors aforesaid, upon their oath aforesaid, say that the said A. M. Nelson, on the —————— day of May, 1896, at the county and State aforesaid, upon the trial aforesaid, did in manner and form aforesaid, feloniously, willfully, corruptly and falsely, commit willful and corrupt perjury against the peace and dignity of the State."

A second count was in every particular exactly like the foregoing save that it was charged that the oath was administered to defendant by the judge of the court instead of by the clerk as averred in the first count.

A motion to quash this indictment was filed by defendant and sustained. The State duly excepted and filed its bill of exceptions and has perfected its appeal.

I.   The sole question presented for review is the propriety of the judgment of the circuit court in quashing the indictment because it was wanting in allegations essential to charge perjury.

The indictment is based upon section 3665, Revised Statutes 1889:   "Every person who shall willfully and corruptly swear, testify or affirm falsely to any material matter, upon any oath or affirmation, or declaration, legally administered, in any cause, matter or proceeding, before any court, tribunal or public body or officer, and whoever shall falsely by swearing or affirming, take any oath prescribed by the Constitution of this State, or any law or ordinance thereof, when such oath shall be legally administered, shall be deemed guilty of perjury."

By section 3671, it is further provided:   "In any indictment for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath was taken, averring such court or person to have competent authority to administer the same, and that the matter or testimony alleged to be false was material to a certain matter or issue named, without setting forth the particular facts showing its materiality, together with the proper averments to falsify the matter wherein the perjury is assigned, without setting forth any part of the record, proceeding or process, or any commission or authority of the court or person before whom the perjury was

committed, or the form of the oath or affirmation, or the manner of administering the same."

Section 3671 dispensed with much of the extreme particularity required in indictments for perjury at common law. Measuring the indictment before us by the section last cited, we are unable to discover any insufficiency.

The objection that the indictment does not charge the *court* is extremely hypercritical. It does aver that "at the May term of the *circuit court* of Newton county, before Hon. J. C. Lamson, judge of the 24th judicial circuit of the State of Missouri, and *ex officio judge* of the Newton county circuit court, a certain issue came on to be tried in due form of law, the said court then and there having competent authority in that behalf." By the express terms of the statute it was wholly unnecessary to charge or aver the organization of the court or authority to administer oaths with more certainty.

Equally groundless is the complaint that the issue was insufficiently charged because there had been no previous averments of a joinder of issue.

It clearly and distinctly appears that an action by E. S. Kenney against the Kansas City, Pittsburg and Gulf Railroad Company was pending for damages caused by said railroad company in unlawfully building and constructing its railroad across a part of a natural stream of water at a point near which said Kenney's corn and wheat was situated in said county, in such a manner as to obstruct the waters of said stream and cause it to overflow and destroy said crops of said Kenney, and it was a material question whether said stream was a natural water course and whether at all times water flowed through the same, and whether at normal stages of the water there was a living stream in said channel.

It is then charged that the defendant before said court and a jury alleged to have been impaneled, feloniously, willfully, corruptly and falsely did depose and swear that said stream was not a natural water course; that he had seen it in 1894, when the water did not flow through said slough, meaning the channel of said creek and that at normal stages of water there was no living stream there.

The pleader then negatives the truth of the facts sworn to and assigns perjury upon them by charging that "in truth and in fact at normal stages of the water there was a living stream in said channel and slough, and there was and has been running and living water in and through said slough for a long time prior to the year 1894, and during said year and ever since that date, the said stream being a part of the natural water course known as Shoal creek."

The materiality of this testimony is apparent on its face. It is not to be evaded by declaring that no one with sufficient intelligence to be sworn would be so foolish as to swear that Shoal creek is not a natural living stream.

In a word, this indictment designates and specifies the cause in which the alleged perjury was committed, the court in which said cause was pending, and was tried. It distinctly points out the materiality of the issue so that the said court and this court can determine the materiality of the issue. Moreover it avers that the oath was administered by the clerk of said Newton circuit court and that he had full power and competent authority to administer said oath and then sets out the evidence of the witness, negatives its truth, and assigns the perjury.

It substantially conforms to precedents which have received the approval of this court. *State v. Cave*, 81 Mo. 450; *State v. Huckeby*, 87 Mo. 414.

The circuit court erred in sustaining the motion to quash and its judgment is reversed and the cause remanded for further proceedings according to law.

SHERWOOD and BURGESS, JJ., concur.