# THE STATE v. WILLIAM J. MORAN, Appellant.

### Division Two, February 2, 1909.

1. **CRIMINAL CASE: Review of Record.** Even though defendant is not represented by counsel in the appellate court, and has filed no brief nor any suggestion indicating the complaints of error upon which he relies for the reversal of the judgment against him, the court, in obedience to the statute, will examine the record and determine whether any substantial error was committed in the trial of the cause.

2. **PRELIMINARY EXAMINATION: Robbery: Jurisdiction.** The statute requiring a preliminary examination in a felony case prior to the filing of an information in the circuit or criminal court, went into effect on July 14, 1907, and the court was not without jurisdiction to try a defendant on an information charging robbery filed before said date, although defendant was accorded no preliminary examination.

3. ————: **Perjury: Plea in Abatement.** Where defendant was charged with having sworn falsely in the trial of a robbery charge contained in an information filed prior to July 14, 1907, his plea in abatement, to the effect that the court was without jurisdiction to try the robbery case for that no preliminary examination had been accorded to defendant therein, was properly overruled.

4. **PERJURY: Material Testimony.** Where defendant was being tried for robbery, his testimony that he had never been arrested or convicted of any crime, was material, as affecting his credibility, and if false furnished a sufficient basis for a charge of perjury.

5. ————: ————: **Issue Being Tried: Instruction.** The court should refuse, in the perjury case, an instruction telling the jury that defendant's false answer, in order to constitute perjury, must have been concerning a matter which directly tended to establish the commission of the crime then being tried. Where defendant was being tried for perjury for having sworn when on trial for robbery that he had never in his life been arrested or convicted of a crime, an instruction telling the jury that such false answer could only be considered as affecting defendant's credibility as a witness in said trial "and could not affect the issues in said trial or tend to establish the guilt or innocence of the defendant on the charge of robbery," was properly refused.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *F. G. Ferris,* Assistant Attorney-General, for the State.

(1) The indictment in form and substance is sufficient to charge the crime of perjury. R. S. 1899, secs. 2033, 2039; State v. Huckeley, 87 Mo. 414; State v. Powers, 136 Mo. 196; State v. Nelson, 146 Mo. 256. (2) The demurrer to defendant's plea in abatement to the indictment was properly sustained. The law requiring a preliminary examination in felony cases before the filing of an information did not become effective until July 14, 1907, a date subsequent to the date of said robbery trial. At the time the information was filed in said robbery case, the law did not require a prior preliminary examination. Laws 1907, p. 243; State v. Harvey, 214 Mo. 403. (3) (a) The question as to whether defendant had ever in his lifetime been convicted of any crime was a material issue in the robbery case in which defendant testified, and his false answer thereto was a proper assignment of perjury. His false statement was material because calculated to affect his credit as a witness. U. S. v. Landsberg, 23 Fed. 585; Regina v. Ann Lavey, 3 C. & K. N. P. Cases, 26; 2 Roscoe's Crim. Evid., 850 (8 Am. Ed. 1062); Reg. v. Gibbons, 9 Cox's Crim. Law, 105; State v. Day, 100 Mo. 249; Williams v. State, 68 Ala. 551; People v. Barry, 63 Cal. 62; People v. Courtney, 94 N. Y. 490; R. S. 1899, sec. 4680. (b) The question as to the materiality of the false statement is for the court. State v. Williams, 30 Mo. 364; State v. Fannon, 158 Mo. 149; 4 Elliott on Evid., sec. 3073. (4) The court committed no error in the giving and refusing of instructions. Authorities cited under point 3.

FOX, J.—This cause is brought to this court upon appeal by the defendant from a judgment of conviction, in the circuit court of the city of St. Louis, of the offense of perjury.

At the December term of the circuit court of the city of St. Louis, and on the 23d day of December, 1907, the grand jury of said city returned an indictment against the defendant, charging him with having committed willful and corrupt perjury while testifying on the 1st day of July, 1907, in said circuit court, on a material issue in a cause then on trial wherein the State of Missouri was plaintiff and William J. Moran, Charles Fox and Harry Flavin were defendants, in this, that said William J. Moran, this defendant, testified that he had never been convicted of any crime in his lifetime, whereas in truth and in fact he had been convicted of a crime specified in the indictment. Subsequent to the return of the indictment the cause was assigned to Division No. 12 of said court, and on the 31st day of December, 1907, the defendant was duly arraigned upon the indictment and pleaded not guilty to the charge therein. The cause was continued to the February term of court, when defendant interposed a demurrer to the indictment, which was by the court overruled. On the 5th day of February, 1908, the defendant was put upon his trial before a jury and upon this trial the jury were unable to agree upon a verdict and were discharged from further consideration of the cause. Subsequent to this trial the defendant filed an application for a change of venue on account of the bias and prejudice of the judge, which was granted, and the cause and all the papers therein were certified to Division No. 10 of said circuit court. On the 2d day of March, 1908, the defendant, by leave of court, withdrew his former plea of not guilty and filed his plea in abatement, to which plea in abatement the circuit attorney filed a demurrer, which was by the court sustained. The defendant then filed a demurrer to the

indictment, which was by the court overruled. Defendant was again arraigned upon the indictment against him and he refused to plead to said indictment, whereupon the court ordered a plea of not guilty entered. The trial of the cause then proceeded.

Upon said trial the State introduced Robert Walker, deputy circuit clerk of the circuit court for criminal causes in the city of St. Louis, who testified that he had charge of the records of Division No. 11 of said court, and was such clerk in charge of such records on the 1st day of July, 1907. He said that he was present in the court room of that court on the 1st day of July, 1907, where the business of said court was going on, and that he was then acting as clerk of said court, of which Hon. Moses N. Sale was then judge. That upon that day the case of State of Missouri against William J. Moran, Henry H. Flavin and Charles R. Fox was being tried; that the defendant, William J. Moran, took the witness stand in behalf of himself and codefendants in the trial of said cause on that day, to whom the witness, acting as clerk as aforesaid, administered the usual form of oath: "Do you solemnly swear that the testimony you are about to give in this cause will be the truth, the whole truth and nothing but the truth; so help you God?" Said witness produced the record of said court, in which was recorded the proceedings thereof under date of July 1, 1907, showing the trial in said court on said day of the said case of State of Missouri against William J. Moran, Henry H. Flavin and Charles Fox on charge of robbery in the first degree.

Harvey J. Ready, sworn for the State, testified that he was official stenographer of Division No. 11 of said court under Judge Sale, and was acting as such in said court on the 1st day of July, 1907, at the time of the trial of said cause of the State of Missouri against Moran, Flavin and Fox; and it was his duty at said trial to report in shorthand the pro-

ceedings thereof, and to take down verbatim all that
was material to the case; and that he took down the
testimony of all the witnesses in said trial in said
cause. He testified, by reference to his stenographic
notes, that the following question was asked of de-
fendant, then testifying as a witness in said cause of
the State of Missouri against Moran, Flavin and Fox:
"Q. Have you ever been arrested at any time in your
life—have you ever been convicted of any crime?"
To which question the defendant replied, "No, sir."
He also testified that it was his recollection that this
question was asked by the attorney for said defendants,
Moran, Flavin and Fox. He identified the defendant
as having seen him at said trial on the 1st day of July,
1907, and while he did not distinctly remember that he
testified, he had a vague recollection that he was the
man who testified as William J. Moran on that occasion.
While he could not, without looking at his notes, tell
from his recollection the exact question and answer
referred to, he had a vague recollection independent
of his notes that such was the question asked and the
answer made.

The defendant, by his counsel, in open court, ad-
mitted that defendant, William J. Moran, had been duly
convicted and sentenced and served a term in the peni-
tentiary, in accordance with the allegations in refer-
ence thereto, as contained in the indictment.

At the close of the evidence on the part of the
State, the defendant asked the court for an instruc-
tion, that under the law and the evidence the jury
must acquit the defendant, which instruction the court
refused to give.

Defendant offered and read in evidence the record
of June 10, 1907, of said Division No. 11 of said court
for criminal causes, contained in the same record book
heretofore referred to, showing in effect that on said
June 10, 1907, in said case of State of Missouri against
Moran, Flavin and Fox, the said defendants were

brought into court by the sheriff, were duly arraigned and each said defendant pleaded not guilty to the charges contained in said information. The defendant did not take the witness stand in his own behalf, and he offered no evidence except the said record of June 10th.

At the close of the evidence the court fully instructed the jury upon every phase of this case to which the testimony was applicable, and the cause was submitted to them and they returned a verdict finding the defendant guilty of perjury as charged in the indictment, and assessed his punishment at imprisonment in the penitentiary for a term of seven years.

A timely motion for new trial was filed and by the court overruled. Sentence and judgment were entered of record in accordance with the verdict, and from this judgment the defendant prosecuted this appeal, and the cause is now before us upon the record for consideration.

## OPINION.

The appellant is not represented in this court. There is neither brief nor any suggestion whatever indicating the complaints of error upon which the appellant relies for reversal of this judgment. However, under the provisions of the statute, even though appellant is not represented, we are required to carefully examine the record and determine whether or not there was any substantial error in the trial of the cause. In obedience to such requirement of the statute we have carefully examined the record before us, and will give the legal propositions disclosed such attention as their importance requires.

## I.

It is insisted in the motion for new trial that the court committed error by its action in sustaining

the demurrer to the plea in abatement to the indictment interposed by the State. •

It is sufficient to say upon this proposition that the record discloses that the charge of perjury in this case was predicated upon the testimony which defendant gave while testifying in his own behalf about the 1st day of July, 1907, in a case in the circuit court of the city of St. Louis, wherein defendant and others were defendants, being tried upon an information charging them with the crime of robbery. An examination of this plea in abatement to the indictment in this cause discloses that it was predicated upon the theory, and the fact is so alleged, that the defendant in the robbery case, in which he gave the testimony upon which the charge of perjury is based in the case at bar, was not accorded a preliminary examination on said robbery charge, as provided by section 2476a (Laws 1907, p. 243), and it is insisted that by reason of that fact the court was conducting said robbery trial on the 1st day of July, 1907, without jurisdiction to do so. It is argued from these premises that if the court had no jurisdiction of the robbery trial, it necessarily follows that any testimony given in such trial, where the court was without jurisdiction to try the cause, could not be made the basis of a charge of perjury.

There is no merit in this plea in abatement, and the action of the court in sustaining the demurrer interposed by the State to it was entirely proper. The record discloses the time the information was filed in the robbery case, as well as the time the defendant testified in that case; hence, it is manifest by an examination of the statute that there was no law in force requiring a preliminary examination to be accorded the defendant at that date. The law requiring a preliminary examination in felony cases prior to the filing of an information was approved April 15, 1907, and as it had no emergency clause it did not become effective until July 14, 1907, a date some

days subsequent to the date of said robbery trial. The statute which became effective July 14, 1907, which provided that defendants in felony cases should be accorded a preliminary examination prior to the filing of any information against them, had no application to the robbery case in which the defendant gave the testimony upon which is predicated the charge of perjury.

We have critically examined the indictment upon which this judgment is predicated, and in our opinion it charges every essential element of the offense of which defendant was convicted. It charges the offense in such form as has been repeatedly approved by this court. [R. S. 1899, secs. 2033, 2039; State v. Huckeby, 87 Mo. 414; State v. Powers, 136 Mo. 194; State v. Nelson, 146 Mo. 256.]

Upon the trial of the case in July, 1907, the defendant with two others was charged with robbery, and the defendant upon such trial offered himself as a witness. Having offered himself as a witness the question was propounded to him as to whether or not he had ever been arrested at any time in his life, or had he ever been convicted of any crime. The answer of the defendant to that question was in substance that he had not.

Upon the state of facts developed upon the trial it became a question of law for the court to determine, as was ruled in State v. Fannon, 158 Mo. 149, as to whether or not the testimony upon which the indictment was predicated was material; at least sufficiently so to form the basis of an indictment for perjury concerning testimony relative to such facts. Confronted with this legal proposition the trial court held, and in our opinion correctly, that the facts about which the defendant testified in the robbery case, were material, that is to say, it was material as well as important as affecting the credibility of the defendant as a witness in that cause, to ascertain as to whether or not he had

previously been convicted of any crime. The jury had the right to know all the facts concerning this witness which would enable them to intelligently weigh his testimony. In our opinion as to whether he had been arrested and convicted of any crime previous to the date of his testifying, was material, and the duty rested upon the defendant, testifying as a witness, to speak truthfully of this particular fact the same as concerning any other fact that was within his knowledge in the cause.

Section 4680, Revised Statutes 1899, fully recognizes the materiality concerning the fact of a prior conviction of a criminal offense by a witness who is testifying upon the stand, and the materiality of this fact is emphasized by the special provision in that section which requires the witness to answer the question as to whether or not he had been previously convicted. That section thus treats of this subject: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer."

This proposition was sharply presented for consideration in one of the Federal courts in the case of United States v. Landsberg, 23 Fed. 585. The defendant in that case, upon cross-examination, testified that he had not been in prison, when in fact he had been in a State prison. Upon that false testimony he was indicted for perjury and the point was made that the matter so stated by him was not material, and therefore perjury could not be assigned upon it. Upon the indictment in that case, it will be observed, the proceeding was one under a statute which made it an essential element in the crime of perjury that the matter upon which the charge was predicated must be material. That case

fully reviewed the authorities and the conclusion reached was that the matter upon which the indictment was based was material. The court, in treating of the question, very clearly, and in our opinion correctly, announced the rule applicable to this subject. It was there said: ''An essential element of the offense created by the statute (Sec. 5392, Rev. Stat. U. S. 1878) is the materiality of the matter charged to have been falsely stated. The words employed in the statute are 'material matter.' These words were, doubtless, adopted from the common law, and they must be given a signification broad enough to cover, at least, cases of perjury at common law. The rule of the common law in regard to perjury is thus stated by Archbold: 'Every question in cross-examination, which goes to the witness's credit, is material for this purpose.' [Arch. Crim. Pl. and Proc. (Eng. Ed.), 817.] The same rule was declared by the twelve judges in Reg. v. Gibbons, 9 Cox, C. C. 105. The inquiry here, therefore, is whether the imprisonment of the accused in this State and in New Jersey was calculated to injure his character and so to impeach his credit as a witness; for it is not to be doubted that when the accused offered himself as a witness, he placed himself upon the same footing as any other witness, and was liable to be impeached in the same manner. Upon this question our opinion is that the matter stated by the accused as a witness had an obvious bearing upon the character of the witness, and could properly be considered by the commissioner in determining what credit was to be given to the testimony of the witness in respect to the crime with which he stood charged. In Reg. v. Lavey, 3 C. & K. 26, the accused, when a witness, had falsely sworn that she had never been tried in the Central criminal court, and had never been in custody at the Thames police station. On her trial for perjury these statements were ruled to be material matter, and the conviction was sustained. In Com. v. Bonner, 97 Mass.

587, a witness had been asked 'if he had been in the house of correction for any crime.' Objection to the question on the ground that the record was the best evidence, was waived, and the case turned upon the materiality of the question. The matter was held to be material.''

## II.

This leads us to the consideration of the instructions given in this cause. We do not deem it essential to reproduce them; however, we have carefully read in detail and analyzed the instructions given and those requested by the defendant and refused by the court. The law as declared by the court, in our opinion, covered every phase of the case to which the testimony was applicable. The jury were told that the matter as charged in the indictment, concerning which the defendant had testified in a previous case, and upon which the indictment in the case at bar was predicated, was material matter. Then followed the usual instructions requiring the jury to find every essential fact necessary to constitute the offense with which the defendant was charged. A very liberal instruction was given upon the fact that the indictment was a mere formal charge, and was not to be taken as any evidence of defendant's guilt, and that the law presumes the innocence of the defendant, and that this presumption continues until it has been overcome by evidence which establishes his guilt to your satisfaction and beyond a reasonable doubt, and the burden of proving his guilt rests with the State. This closed with the usual direction to the jury that after a consideration of all the evidence if they had a reasonable doubt of the defendant's guilt they should acquit him. Another instruction was given upon the credibility of witnesses. It is sufficient to say of that instruction that it was in such form and embraced such language in declaring the

law upon the subject of credibility of witnesses as has been repeatedly approved by this court.

Two instructions were requested by the defendant. First, the court was requested to declare the law that if the jury believed from the evidence that the defendant was asked the question on a former trial, "Have you ever been convicted of a crime in your lifetime?" and if they believed the defendant answered "No" to such question, you are instructed that such question and such answer could only be given to affect the credibility of the said defendant in said trial, and could not affect the issues in said trial or tend to establish the guilt or innocence of the defendant on the charge of robbery. This instruction was refused by the court, and properly so. It had no application to the case at bar, and if this instruction intends to declare as a matter of law that in order to constitute perjury the witness must testify concerning a matter which directly tends to establish the commission of the offense about which the witness is testifying, or directly tends to establish the fact that the defendant was innocent of the commission of such offense, then we have no hesitancy in saying that it did not correctly declare the law. All facts are material in the trial of a criminal cause that have a tendency to enable the jury to intelligently reach a correct conclusion concerning the guilt or innocence of the defendant. It does not follow, because the matter testified to is not specially concerning the acts of the defendant in the commission of the offense, that such matter might not be made a subject upon which a charge of perjury might be predicated, if such matter is material. It is but common knowledge that it frequently occurs in the trial of causes that inquiries are made of witnesses touching matters which do not directly concern the commission of the acts which constitute the offense, yet such inquiries and answers may be material and

highly important to the end that the triers of the fact may properly and intelligently weigh the testimony in the cause, thereby reaching a correct conclusion as to the guilt or innocence of the party accused. We repeat, that this instruction was properly refused by the court.

The other instruction requested by the defendant substantially embraced the same principle as the former one, and what we have said concerning the first instruction is equally applicable to this one, and there was no error in the court refusing the instruction.

## III.

The motion for new trial makes no complaint of the action of the court in the admission or rejection of evidence, therefore the rulings of the court upon that subject are not before us for review.

After a full consideration of the record before us we are unable to discover any reversible error in the trial of this cause. The matter about which the defendant testified was material. The evidence fully supports the conclusions reached by the jury, and the court fairly and correctly declared the law applicable to the case.

Finding no reversible error, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.