THE STATE, Respondent, v. O'CONNOR, Appellant.

1. Evidence of the general good character of the defendant, restricted to the trait of character in issue, is admissible in all criminal trials.
2. To justify a homicide, the defendant must have reasonable cause to apprehend immediate danger. It is not sufficient that he may think so. Good grounds for such apprehension must be made to appear to the jury.

*Appeal from Platte Circuit Court.*

These are the instructions asked by the defendant and refused by the court. "3. That if they believe that defendant had cause to believe that his life was in danger, or that great bodily harm was about to be inflicted by the deceased, and acted under that belief at that time, the law is for the defendant, if the jury believe that defendant acted under that be-

lief at the time, and that he stabbed Powel in order to save his own life. 5. If the jury believe from the evidence that the defendant requested said defendant to leave his house, and that deceased refused to leave, and persisted in following up O'Connor in his own house, then O'Connor had a right to use such force as was necessary to expel him from the house, and if the deceased came to his death by any such means used by O'Connor, they will acquit. 6. If the jury believe that O'Connor stabbed the deceased in protecting either his person or his property, they will acquit."

*Spratt & Merryman*, for appellant.

I. The instruction given by the court tells the jury, in substance, that the defendant had no legal right to defend his person or property, unless Oser, the deceased, intended to commit a felony on his person or in his dwelling, &c., &c. This, we submit, is not the law. All homicides when unavoidably committed in the defence of one's person, dwelling, &c., against a trespasser is excusable. The law makes no distinction between a trespasser and a felon. We have the same right to defend our person and property against the one as the other, yet this judge tells the jury that they must believe that Oser, the deceased, intended to commit a felony, before the defendant was justified in defending his person or property. (3 Greenl. Ev. § 117; Russ. on Crimes, p. 662, 664.) These instructions also leave the jury to be the judges of what it takes to constitute felony.

II. The court also erred in refusing to permit defendant to prove his general character as a peaceable, quiet man. (See 3 Greenl. Ev. p. 25, 26, 27, § 25, 26.)

*Knott*, (attorney general,) for the State.

I. There was no error in excluding the evidence offered by defendant as to his character. In trials for felony, the defendant should always be permitted to call witnesses as to his general character, but the inquiry must be as to his general character. (2 Phil. Ev. p. 490.) Otherwise it should

be excluded, for it is only general character that affords a test of general conduct.

II. The third instruction asked by defendant was very properly refused by the court, avowing as it did the dangerous doctrine that a man may take the life of another whenever he has cause to believe such other is about to do him some great personal injury, whether the grounds for his belief be reasonable or probable or not, or whether he have any reasonable grounds to apprehend immediate danger of the infliction of the injury feared. If such be the law, any timid and careless man is justified in shooting down whomsoever he may be told has threatened to inflict upon him any great personal injury, in the absence of any other cause for considering himself in danger.

EWING, Judge, delivered the opinion of the court.

The evidence of the general character of the defendant was improperly excluded. Nothing is better settled than that evidence of general character is competent for the accused in all criminal trials. The reasonable operation of such evidence is to create a presumption that a person of good character was not likely to have committed the act imputed to him; that there is some mistake or misrepresentation in the evidence on the part of the prosecution, and it is strictly admissible evidence in the case. (3 Greenl. Ev. § 25.) The good character of the party accused, satisfactorily established by competent witnesses, is an ingredient which ought always to be submitted to the consideration of the jury, together with the other facts and circumstances of the case. The nature of the charge and the evidence by which it is supported will often render such ingredient of little or no avail; but the more correct course seems to be not in any case to withdraw it from consideration, but to leave it to the jury to form their conclusion upon the whole evidence, whether an individual whose character was previously unblemished, has or has not committed the particu-

lar crime for which he is called upon to answer. (2 Russ. Cr. p. 785-6.)

There are cases, and this may be one of them, where the proof of guilt is so clearly made out as to render evidence of good character apparently of little or no importance, or quite immaterial, as the record presents the case ; but the great variety of circumstances that very properly affect the credibility and force of testimony as it is delivered to a jury, of which we can know nothing, should restrain us from assuming to judge of the materiality of a fact, the importance of which can only be properly estimated by a jury in connection with such circumstances. It is not perceived how, on principle, a distinction can be made between evidence of facts and evidence of character; it is alike relevant as to the question of guilty or not guilty. I am aware it is sometimes said that such evidence should be restricted to doubtful cases, and that in such only can it be of any avail to the accused, and can not where the proof is complete and convincing. But who is to determine whether a case is clearly made out or is doubtful ? In cases of doubt juries will acquit, and the evidence of character, according to that hypothesis, is then of no avail. But may there not be cases where the fact of good character would give the preponderance in favor of the accused by creating a reasonable doubt, and where, if withheld, the jury might convict ? And would it not be manifestly improper to deprive him of the benefit of such evidence on the trial, because the judge might deem the proof of guilt so clearly made out that in his opinion it could be of no avail if admitted, and would therefore do him no harm if excluded ? So that whether the case may be considered clear or doubtful, is not the proper criterion to govern. For the very fact which is excluded by reason of its supposed unimportance, may itself determine the character or complexion of the case in that respect, and make doubtful what was otherwise clear.

The first instruction given by the court on its own motion

was erroneous, in submitting to the jury a question of law, i. e. what a felony is.

There was no error in refusing the third, fifth and sixth instructions asked by defendant. (See Cr. & P. art. 2, § 4.) Judgment reversed and the cause remanded; Judge Napton concurring. Judge Scott absent.