## THE STATE v. JOHN DINEEN, Appellant.

### Division Two, May 14, 1907.

1. **PERJURY: Indictment: Pleading City Ordinances.** It is not necessary that an indictment for perjury charged to have been committed in a trial in a police court should set forth *in haec verba* the city ordinances creating the police court and authorizing the appointment of the clerk of the court and giving him authority to administer oaths, etc. A reference to such ordinances by their numbers and general tenor is sufficient.

2. ———: **Materiality of Testimony: When Question of Law.** When there is no dispute as to what the party charged with perjury testified to upon an issue presented in a court of competent jurisdiction, the materiality of his testimony to the issue presented is purely a question of law for the court to determine.

3. ———: ———: **This Case.** In order to constitute perjury, the evidence charged to be false must have been material to the issue presented at the trial. On the trial, in a police court, of a party charged with disorderly conduct "on Jefferson avenue," defendant's testimony that the disorderly conduct occurred, not on Jefferson avenue, but on a vacant lot some forty feet distant from said avenue, was not material to the issue presented, and, even if false, did not constitute perjury.

4. ———: ———: **Admission of Testimony.** The admission of testimony is not sufficient, in a prosecution for perjury, to prove that such testimony was material to the issue.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

REVERSED.

*T. J. Rowe, Thomas J. Rowe, Jr.,* and *Henry Rowe* for appellant.

(1) An ordinance is not a matter of judicial notice; and all facts that are necessary to make a case that are not matters of judicial notice must be pleaded. An indictment must allege every substantive fact which is

necessary to establish the guilt of the accused, and
which the State is required to prove. State v. Green,
111 Mo. 585; State v. Reed, 117 Mo. 604. If the ordi-
nances were substantive facts, which the State was re-
quired to prove, then it was necessary to plead the
ordinances, because the court could not notice them
judicially. (2) The materiality of the testimony, when
not apparent, will not be presumed, but must be proved.
Nelson v. State, 32 Ark. 192; State v. Aikens, 32 Iowa
403; Com. v. Pollard, 12 Met. (Mass.) 225; Wood v.
People, 59 N. Y. 117; Stanley v. United States, 1 Okla.
336; Rich v. United States, 1 Okla. 354; Garrett v.
State, 37 Tex. Crim. 198. (3) The mere fact that the
testimony was admitted is not sufficient to show that it
was material. Com. v. Pollard, 12 Met. (Mass.) 225;
Lawrence v. State, 2 Tex. App. 479. Material testi-
mony is such as tends to prove some issue in the cause.
State v. Bailey, 34 Mo. 358; Martin v. Miller, 4 Mo.
47; State v. Blize, 111 Mo. 464. The testimony given
by defendant, as alleged, was neither directly nor indi-
rectly material to the only issue in the case, namely,
was William Altherr, on Jefferson avenue, guilty of
noisy, riotous or disorderly conduct? The defendant
did not give any testimony which tended to prove that
Altherr had said or done anything on Jefferson avenue.

*Herbert S. Hadley,* Attorney-General, and *N. T.
Gentry,* Assistant Attorney-General, for the State.

(1) The indictment is sufficient in form and sub-
stance, and fully informed defendant of the nature of
the accusation, and also showed that the alleged false
testimony was material, and that the same was given
before a court of competent jurisdiction. It is fully up
to the requirement of the statute; and informations and
indictments similar to it have been approved by this
court. State v. Cave, 81 Mo. 450; State v. Huckeby, 87
Mo. 414; State v. Walker, 194 Mo. 369; R. S. 1899,

secs. 2033 and 2039; Kelley's Crim. Law, sec. 821. (2) The State's evidence was sufficient to justify the jury in convicting the defendant of perjury. All of the elements necessary to constitute that crime were proven, to-wit, the oath that was administered to the defendant, the materiality of defendant's evidence, the falsity of his evidence, the jurisdiction of the police court and the nature of the action that was pending in said court. If the defendant did testify that Mr. Altherr was guilty of using loud and profane language in a public place in said city, and that Altherr was also guilty of disturbing the peace at that time, certainly said evidence was material at the trial of Altherr in the police court.

FOX, P. J.—The defendant in this cause appeals from a judgment of the circuit court of the city of St. Louis convicting him of perjury. On the 2d day of December, 1905, the grand jury of the city of St. Louis returned an indictment against the defendant charging him with perjury. The perjury is charged to have been committed by the defendant in testimony given by him in a certain proceeding in the second district police court, in which court Jefferson Pollard was the judge, wherein the city of St. Louis was the plaintiff and William Altherr was the defendant. The issues upon which the defendant was called upon to testify in that case are presented in the following complaint:

"State of Missouri, City of St. Louis, ss.

"City of St. Louis, Oct. 28, A. D. 1905. William Altherr, To the City of St. Louis, Dr.

"To fifty dollars for the violation of an ordinance of said city entitled 'An Ordinance in Revision of the General Ordinances of the City of St. Louis,' being Ordinance No. 19991, chapter 18, article 2, section 1460, approved April 3, 1900. In this, to-wit: In the city of St. Louis and State of Missouri on the 28th day of Oc-

tober, 1905, the said William Altherr did then and there disturb the peace by noisy, riotous and disorderly conduct, to-wit, on a public street, on Jefferson avenue between University and Dodier streets. Contrary to the ordinance in such cases made and provided.''

The indictment, after alleging the creation of the police court and the authority of such court to try the complaint as above indicated and the authority of the clerk to administer oaths, charges that the proceeding against William Altherr was instituted by the plaintiff city of St. Louis against the said defendant William Altherr, for violating an ordinace of the said city of St. Louis, entitled "An Ordinance in Revision of the General Ordinances of the city of St. Louis,'' being Ordinance No. 19991, chapter 18, article 2, section 1460, in this, to-wit: 'In the said city of St. Louis and State of Missouri, on the 28th day of October, 1905, the said William Altherr did then and there disturb the peace by noisy and disorderly conduct on a public street, to-wit, on Jefferson avenue, between University street and Dodier street.'' It was further alleged that then and there upon the trial of the said cause it became and was a material issue whether the said William Altherr on the said 28th day of October, one thousand nine hundred and five, at the said city of St. Louis, violated an ordinance of the city of St. Louis, entitled "An Ordinance in Revision of the General Ordinances of the city of St. Louis,'' being No. 19991, chapter 18, article 2, section 1460, in this, to-wit, of disturbing the peace by noisy, riotous and disorderly conduct on a public street, to-wit, on Jefferson avenue, between University street and Dodier street in said city of St. Louis, and whether the said William Altherr, on said twenty-eighth day of October, one thousand nine hundred and five, at the said city of St. Louis, and on an open lot and near and adjoining a public highway, to-wit, Jefferson avenue, in a loud, boisterous and angry manner and tone of

voice, and in the hearing of various and divers persons, used certain indecent, vulgar and offensive language, calculated to cause a breach of the peace, to-wit, the language and words, "You son-of-a-bitch, take them all in," and "You son-of-a-bitch, you are not big enough." Following this allegation it is further alleged that the defendant after being duly sworn to testify the truth, the whole truth and nothing but the truth then and there was examined as a witness in said cause, and did then and there in said second district police court of the said city of St. Louis, upon the trial of said cause, and before the said Honorable William Jefferson Pollard, judge as aforesaid, unlawfully, maliciously, knowingly, wilfully, corruptly, falsely and feloniously depose and testify, among other things, that the said William Altherr on said twenty-eighth day of October, one thousand nine hundred and five, at the said city of St. Louis, was on an open lot, near and adjoining a public highway of said city of St. Louis, to-wit, Jefferson avenue, and that the said William Altherr then and there in the presence of various and divers persons spoke in a loud, angry and boisterous manner and tone of voice, and that he, the said William Altherr, then and there said, "You son-of-a-bitch; take them all in," and "You son-of-a-bitch, you are not big enough." The indictment then concludes with appropriate allegations negativing the truth of the testimony as given by the defendant.

The defendant was put upon his trial upon these allegations and the testimony on the part of the State tended to prove that the defendant and one Coleman were police officers in the city of St. Louis on the 28th day of October, 1905, and that on the night of said day one William Altherr was conducting a dog and pony show under a tent on a vacant lot situate some forty feet from Jefferson avenue, and that defendant upon the trial of Altherr before the police judge testified to

noisy, riotous, and disorderly conduct on the part of said Altherr out on this vacant lot where the show was being conducted. All of the testimony tends to show that the disorderly conduct was under a part of the covering of the tent of the show and some forty feet away from Jefferson avenue on a vacant lot, and there was at the time a show being conducted under the tent. The State introduced numerous witnesses whose testimony tended to show that the testimony as given by the defendant was false.

The defendant introduced a number of witnesses who testified to his good reputation as a truthful man prior to this charge. He testified in his own behalf and substantially admitted the statements made by him on the witness stand at the trial of the Altherr case, but denied that he was sworn at said trial.

At the close of the testimony the court instructed the jury substantially upon the charge as contained in the indictment, embracing in its instructions to the jury the quantum of proof necessary to establish the offense or perjury, as well as the subjects of credibility of witnesses, the presumption of innocence of the defendant and reasonable doubt. We see no necessity of reproducing the instructions given, but will make such references to them as may be required during the course of the opinion. The cause being submitted to the jury upon the evidence and instructions, they returned a verdict finding the defendant guilty as charged in the indictment and assessed his punishment at imprisonment in the penitentiary for a term of two years. Timely motions for new trial and in arrest of judgment were duly filed and by the court overruled. Sentence and judgment was entered of record in conformity to the verdict and from this judgment the defendant prosecuted this appeal, and the record is now before us for review.

### OPINION.

The record in this cause discloses two legal propositions for our consideration.

### I.

The sufficiency of the indictment is challenged on the ground that the ordinances creating the police court and authorizing the appointment of the clerk and his authority to administer oaths were not properly pleaded in the indictment. In other words, we take it from the brief of counsel that it is insisted that the provisions of the ordinances should be set forth in the pleading *in haec verba*. To this contention we cannot give our assent. The ordinances are referred to by their number and their general tenor is recited. This we think was sufficient and is supported by authority. [Apitz v. Railroad, 17 Mo. App. l. c. 425; Moberly v. Hogan, 131 Mo. l. c. 25; Heman v. Payne, 27 Mo. App. l. c. 482.]

### II.

The most serious proposition confronting us as disclosed by the record is the one urged by learned counsel for appellant, that the testimony as given by the defendant in the police court upon the complaint against Altherr and upon which the charge of perjury is predicated, was immaterial upon the issues presented upon the trial in which the defendant testified and therefore cannot be made the subject of perjury.

It is fundamental that in order to constitute the crime of perjury the testimony given, which is charged to be false, must be material to the issue presented at the trial. This proposition is fully recognized in State v. Blize, 111 Mo. 464, and in numerous cases in other jurisdictions. [Nelson v. State, 32 Ark. 192; State v. Aikens, 32 Iowa 403; Com. v. Pollard, 12 Metc. (Mass.) 225; Wood v. People, 59 N. Y. 117; Stanley v. United

States, 1 Okla. 336; Rich v. United States, 1 Okla. 354; Garrett v. State, 37 Tex. Crim. 198.]

The indictment in the case at bar proceeds upon the theory that the complaint against Altherr in the police court presented a material issue and that the testimony given by the defendant was material to the issue therein presented. In the cases of State v. Aikens, 32 Iowa 403, and Nelson v. State, 32 Ark. l. c. 197, it was expressly ruled that the materiality of the testimony on which perjury is assigned must be established by evidence and cannot be left to presumption or inference. In other words, we take it that the law is well settled that, where there is no dispute as to what the party charged with perjury testified to upon a certain issue presented in some court of competent jurisdiction, then it is purely a question of law for the court to determine whether such testimony as given was material to the issue thus presented. We have in this case the complaint against Altherr in the police court clearly setting forth in what respect section 1460 of Ordinance No. 19991, chapter 18, article 2, was violated. This complaint clearly presented the issue to be determined upon the investigation of that complaint; therefore, the remaining crucial question is as to whether or not the testimony given by defendant upon that issue was material to it and can be made the subject of perjury under the well-settled rules of law.

At the very inception of the discussion of this proposition it is well to fix in our minds the issue upon which the defendant was called to testify. The complaint charged Altherr in the police court with a violation of section 1460 of Ordinance No. 19991, in this, to-wit: "In the said city of St. Louis and State of Missouri on the 28th day of October, 1905, the said William Altherr did then and there disturb the peace by noisy, riotous and disorderly conduct on a public street, to-wit, on Jefferson avenue, between University

street and Dodier street.'' That charge was predicated upon section 1460 of the ordinance heretofore indicated, which provides, so far as applicable to this charge, that ''any person who shall, on Sunday or any other day of the week, disturb the peace by any noisy, riotous or disorderly conduct, in any park, street, alley, highway, thoroughfare, or other public place of public resort for pleasure or amusement or other purposes . . . shall de deemed guilty of a misdemeanor.'' It will be noted that this ordinance provides that the commission of such acts as above stated shall constitute a misdemeanor, and while the recovery of the fine imposed by an ordinance is a civil proceeding, it is quasi-criminal in its nature, and therefore the provisions of the ordinance imposing such fine must be strictly construed.

It will be observed that section 1460 provides that the noisy, riotous or disorderly conduct, in order to constitute the misdemeanor denounced by the ordinance, must be committed in a park or in the street, alley, highway or thoroughfare, and we take it that, under the provisions of that ordinance and as applicable to the complaint made against Altherr, the material issue presented was as to whether or not the defendant Altherr was guilty of noisy, riotous or disorderly conduct in the street known as Jefferson avenue. Having thus made apparent the issue upon which the defendant was called to testify, the remaining crucial question confronts us as to whether the testimony given by the defendant upon that issue was material to the issue there presented. If such testimony was material upon that issue and he corruptly, wilfully and knowingly swore falsely upon that issue, then he was guilty of perjury. If the testimony given was immaterial, then under the well-settled rules as applicable to this offense, he cannot be convicted of the crime of perjury, even though he swore falsely as to an immaterial matter. It is practically conceded by the State that the

testimony given by the defendant upon the investiga-
tion of the complaint against Altherr in the police
court was not in reference to disorderly conduct in the
street known as Jefferson avenue, but was on a vacant
lot some forty feet away from the street and in a tent
where Altherr was conducting a dog and pony show.
Witness Patrick J. Gafney, who was captain in the
Ninth district, testified in this cause and he detailed the
testimony as given in the police court.  He stated in
his testimony that the defendant testified, to the best
of his recollection, that the disorderly conduct occurred
outside of the tent, but upon cross-examination the
inquiry was made of him as to whether he made a
memorandum of the testimony of Dineen given in that
case and he answered that he did not, but that he made
a memorandum of Coleman's testimony and then stated
that Coleman and Dineen both testified exactly the same
way.  Objection was then made to this statement and
it was moved that it be stricken out for the reason that
it was apparent that it was merely his conclusion that
Dineen had testified in the same way that Coleman had,
and that the only way to determine whether they both
testified exactly the same was to detail what both of
them had stated there.  This motion was sustained and
that testimony in reference to the defendant and as
to what he testified to was excluded; therefore, we must
look to the other testimony in the case for the place
where this disorderly conduct occurred, and as to
where the defendant testified that the disorderly con-
duct did occur.  Captain Pickel, who was captain of
the Fifth police district, testified, and we take it that
he located the place where the defendant testified that
the disorderly conduct of Altherr took place; at least,
there is no substantial testimony that is in conflict with
it, and he says that to the best of his recollection the
defendant testified upon the trial of Altherr before the
police court that "he was inside of the tent, when he

heard a loud noise, and he looked around and he saw officer Coleman addressing Mr. Altherr; that he went over towards him when he had heard Mr. Altherr abuse officer Coleman, calling him a son-of-a-bitch and telling him to bring them all in, and stated that the officer says, 'If you repeat that to me I'll lock you up,' and he did repeat it and officer Coleman placed Mr. Altherr under arrest, and as he came to the outside of the marquee, the entrance to the marquee, Mr. Altherr broke loose from him and fell down and struck his head on a peg and cut his eye.'' Now the simple question is as to whether or not this testimony as given by the defendant upon the complaint against Altherr was material to the issue there presented. We have reached the conclusion that it was not material. The issue presented in the complaint against Altherr was whether or not he was guilty of disorderly conduct in the street known as Jefferson avenue. The testimony of the defendant that Altherr was guilty of disorderly conduct at a place not embraced in the complaint, in our opinion, was clearly immaterial, and it makes no difference whether the testimony was admitted or rejected; its admission is not sufficient to show that it was material. [Commonwealth v. Pollard, 12 Metc. (Mass.) 225; Lawrence v. State, 2 Tex. App. 479.]

It is insisted by the learned Attorney-General that, even though the defendant did testify that such language was used on a vacant lot and inside of a tent, and even though other witnesses testified to the same, yet the fact of the use of such language by William Altherr on said occasion was a material fact, and it is insisted that the city might have proved by other witnesses, and for aught that appears did prove by other witnesses, that William Altherr used said language on said public street. The fundamental error of this insistence consists of an effort to separate the disorderly conduct and the place where it occurred. The

disorderly conduct about which the police court had the right to inquire was only disorderly conduct in the street known as Jefferson avenue. If the contention of counsel for the State. is to be maintained, then, if the defendant had testified that the disorderly conduct occurred in South St. Louis, several miles away from Jefferson avenue, on the same principle as urged it would be held as material. This certainly cannot be so held. We take it that the inquiry must be confined to the issue presented, "Did this disorderly conduct occur in the street?" And we see no way of separating the elements of the offense denounced by the ordinance, that is, that there must be disorderly conduct and it must be at a particular place, and unless the defendant testified that the disorderly conduct occurred at the place charged in the complaint against Altherr, then we take it that his testimony upon that complaint was absolutely immaterial. It will certainly not be seriously contended that if he had testified that this defendant was guilty of making a noise and disorderly conduct at some remote portion of the city and nowhere near the place charged in the complaint, such testimony would be material upon the complaint as made against Altherr in the police court.

Our conclusion upon this proposition is that the testimony given by the defendant in the trial before the police court upon the issue there presented was immaterial.

It will further be observed that the indictment in this cause as well as the instructions of the court undertakes to broaden the issue as presented in the complaint in the police court against Altherr. It will be observed that the indictment charged very properly, first, that it was a material issue as to whether the said William Altherr on the said 28th day of October, 1905, was guilty of disturbing the peace by noisy, riotous and disorderly conduct in the public street known as Jef-

ferson avenue, between University street and Dodier street in said city of St. Louis. Then follows the further allegation, which in our opinion was not an issue presented by that complaint, as to whether "the said William Altherr on the said 28th day of October, 1905, at the said city of St. Louis, and on an open lot and near and adjoining a public highway, to-wit, Jefferson avenue, in a loud, boisterous and angry manner and tone of voice, and in the hearing of various and divers persons, used certain indecent, vulgar and offensive language, calculated to cause a breach of the peace." The latter allegation as to a material issue was certainly not embraced in the complaint charging Altherr with a violation of the city ordinance, and instruction 1 erroneously declared the law in accordance with the allegation in the indictment, which undertook to broaden the issue presented in the complaint against Altherr.

We have thus indicated our views upon the legal propositions disclosed by the record, which results in the conclusion that upon the facts as developed at the trial of this case the defendant cannot be convicted of the crime of perjury, and the judgment of the trial court should be reversed and the defendant discharged.

All concur.