THE STATE v. CHARLES L. STEGALL, Appellant.—300 S. W. 714.

Division Two, December 12, 1927.

*North T. Gentry,* Attorney-General, and *Walter E. Sloat,* Special Assistant Attorney-General, for respondent.

HIGBEE, C.—The defendant was found guilty of subornation of perjury, sentenced to the penitentiary for a term of two years, and appealed. The information, which was filed in the Circuit Court of Madison County on February 18, 1927, charges in substance that on October 28, 1926, a certain issue before Walter McFarland, a justice of the peace for the Township of St. Michael in said county, between the Sweetwater Mining Company as plaintiff and Charles L. Stegall as defendant, for the recovery of certain personal property by said plaintiff from said defendant, came on to be tried in due manner and form; that said court had competent authority in that behalf, and said issue was then and there tried by a jury of said township duly sworn; that on said trial Howard Holbrook was duly sworn as a witness on behalf of said Stegall by the justice, who had competent authority to administer the oath, that the evidence he would give on said trial would be the whole truth, etc.; that at said trial it became and was a material question whether the said Charles L. Stegall had bought said property from said Sweetwater Mining

Company and had paid the money therefor to one I. L. Currier, the local agent of said Sweetwater Mining Company, and had a written receipt therefor signed by said I. L. Currier. "And the said Howard Holbrook then and there on the trial of said issue, upon his oath aforesaid, feloniously, wilfully, corruptly and falsely, before the court and jury aforesaid, did depose and swear in substance and to the effect following, to-wit:

" 'That on the 10th day of May, 1926, he, the said Howard Holbrook, was in the place of business of the said Charles L. Stegall at the village of Mine LaMotte in said Madison County, Missouri, and while in said place of business saw the said I. L. Currier, local agent of the said Sweetwater Mining Company, enter said place of business; that he the said Howard Holbrook, heard the said I. L. Currier and the said Charles L. Stegall talking about the said personal property; that he, the said Howard Holbrook, saw the said Charles L. Stegall pay to said I. L. Currier some money, and saw said I. L. Currier write something on a piece of paper.' "

It is appropriately averred that each of the said matters so testified to by said Holbrook was false.

It is also charged that the defendant, before the commission of said perjury on said day and in said county, knowing that the said Holbrook would swear falsely and corruptly as aforesaid, did wilfully, unlawfully and feloniously persuade, incite, procure and suborn the said Holbrook the said wilful and corrupt perjury in manner and form aforesaid to do and commit against the peace and dignity of the State.

The defendant unsuccessfully demurred to the information "for the reason the facts stated in said information that one Howard Holbrook testified to under oath, . . . to-wit:

"'That said Holbrook 'heard the said I. L. Currier and said Charles L. Stegall talking about said personal property, and, that the said Howard saw the said Charles Stegall pay to said. I. L. Currier some money and saw said I. L. Currier write something on a piece of paper' is and was not material to any issue joined in said trial before said justice of the peace, and did not prove or tend to prove any material issue joined by the pleading in said cause."

The case went to trial before a jury with the result above stated. The bill of exceptions filed in this court is not signed by the trial judge and the case is here on the record proper without a brief on behalf of the appellant.

I. A brief summary of the substance of the information had been given. It is charged that on the trial of the issue joined it was a

material question whether the said Charles L. Stegall had bought the personal property in litigation from said Sweetwater Mining Company and was the owner thereof and had paid his money therefor to one I. L. Currier, the local agent of said Sweetwater Mining Company, and had a written receipt therefor signed by said Currier on behalf of said company. It is alleged that this false testimony was material to the issue then on trial as to the ownership of the personal property sought to be recovered in an action of replevin.

"False testimony is deemed material not only when directly pertinent to the main issue, but also when it has a legitimate tendency to prove or disprove any material fact in the chain of evidence. It is enough if it be circumstantially material, although not in itself sufficient to establish the issue." [30 Cyc. 1418.]

"If the evidence be circumstantially material or if a true statement tend to support and give credit to a witness to the main fact, it will sustain an indictment for perjury." [State v. Faulkner, 175 Mo. 546 (2), 75 S. W. 116; State v. Jennings, 278 Mo. 552, 213 S. W. 421.]

The question raised by the demurrer is foreclosed, however, by Section 3132, Revised Statutes 1919, which reads:

"In any indictment for perjury, it shall be sufficient to set forth the substance of the offense charged, and by what court or before whom the oath was taken, averring such court or person to have competent authority to administer the same, and that the matter or testimony alleged to be false was material to a certain matter or issue named, without setting forth the particular facts showing its materiality; together with the proper averments to falsify the matter wherein the perjury is assigned, without setting forth any part of the record, proceeding or process, or any commission or authority of the court or person before whom the perjury is committed, or the form of the oath or affirmation, or the manner of administering the same."

II. The information charges that there was an action of replevin for certain personal property pending before the justice between the parties named. A justice of the peace in Madison County is without jurisdiction in an action for the recovery of specific personal property when the value of the property sought to be recovered and the damages claimed for the taking or detention and for all injuries thereto shall exceed in the aggregate two hundred and fifty dollars. [Sec. 3096, R. S. 1919.] The information is silent as to the value of the property sought to

be recovered and as to the damages claimed. It therefore does not disclose an action pending before the justice that came within his cognizance.

"There being as a rule no presumption in favor of the jurisdiction of a justice, it should appear affirmatively upon the face of the record of his proceedings that he had jurisdiction of the parties and the subject-matter. . . . It should also appear that the amount or value in controversy was within the justice's jurisdiction and that the suit was brought in the proper place." [35 C. J. 548, 550. See also Haggard v. A. & P. R. Co., 63 Mo. 302; Hansberger v. Pac. Railroad Co., 43 Mo. 200; Ruckert v. Richter, 127 Mo. App. 668, 106 S. W. 1081; State ex rel. v. Trimble, 247 S. W. 191.]

"If it does not appear that the action of replevin was within the cognizance of the justice perjury could not be committed by the witness at the trial." [30 Cyc. 1413.]

The averments of the information, however, bring this case within the purview of Section 3133, R. S. 1919, which has modified the common-law rules of pleading in this respect. It reads:

"In every indictment for subornation of perjury, or for any corrupt bargain, contract or attempt to procure another to commit perjury, it shall be sufficient to set forth the substance of the offense, without setting forth the record, proceedings or process, or any commission or authority of the court or person before whom the perjury was committed."

It was unnecessary to plead the facts that gave the justice jurisdiction in the action of replevin or to plead the commission or authority of the justice to administer the oath to the witness. The demurrer was properly overruled. The judgment, therefore, is affirmed. *Davis* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.