UNITED STATES

v.

Airman Basic Douglas L. VAUGHT, FR 380–76–6211. United States Air Force.

ACM 22586.

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 July 1979.

Decided 9 May 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel James P. Porter, Major Robert T. Mounts and Colonel Michel Levant, USAFR.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused was found guilty by military judge alone of several specifications of failure to obey a lawful order, possession of marijuana, and perjury, violations of Articles 92, 134 and 130, respectively, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934 and 930.

In both the first and second assignments of error the appellate defense counsel question the legality of the inspection in which marijuana was found in the accused's dormitory room. We find the evidence shows the inspection was properly authorized, and the marijuana discovered was a result of the proper execution of that authority. *United States v. Moykkynen*, 1 M.J. 978 (N.C.M.R.1976). Accordingly, we find no error in the admission of the drug into evidence.

In the third alleged error counsel claims the false testimony of the accused was not material for the purposes of a perjury prosecution under Article 131, Code, 10 U.S.C. § 931, *supra*. We disagree.

In the court-martial of an Airman Upton, the accused testified directly as to the elements of wrongfully sniffing volatile intoxicants, in violation of Article 134, Code, *supra*. In an effort to discredit his testimony he was asked how he had burned his arm. He testified that he burned it on an exhaust manifold and had reported such to his supervisors the following day. He denied that it was burned by a cigarette in a game of "chicken" at a local bar. In his trial for perjury accused admits that the statement as to the manner in which he burned his arm was false, but contends that the false statement was not material for the purpose of a perjury prosecution.

Manual for Courts-Martial, 1969, (Rev.), paragraph 210 states:

> The false testimony must be with respect to a material matter, but that matter need not be the main issue in the case. Thus, perjury may be committed by giving false testimony with respect to the credibility of a material witness . . .

We believe that the *Manual* provision applies equally to those situations in which the accused gives false testimony as to his own credibility. Therefore, a false answer knowingly given by a witness in response to cross-examination conducted to impeach him and attack his credibility is a material matter and constitutes perjury. See *United States v. Martin*, 8 U.S.C.M.A. 346, 24 C.M.R. 156 (1957); *Barnes v. United States*, 378 F.2d 646 (5th Cir. 1967); *State v. Swisher*, 364 Mo. 157, 260 S.W.2d 6 (1953).

The accused was a material witness in the Upton trial and, as such, his credibility was important. His false testimony about his injury prevented the trial counsel from showing that he had recently lied to his supervisors concerning another serious matter involving Airman Upton and prevented a legitimate attack on his credibility, MCM, 1969 (Rev.), para. 153b(2)(b); Federal Rules of Evidence, Rule 608(b). Therefore, his credibility as a witness, even though not a central issue at the trial, was a material matter, subject to the sanction of perjury.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge, and MILES, Judge, concur.