APPENDIX

STATE of Missouri,
Plaintiff/Respondent,

v.

Denise Marie SINNER,
Defendant/Appellant.

No. 54786.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 25, 1989.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 17, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Darrill S. Beebe, St. Charles, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from her conviction by a jury of stealing over $150, a Class C felony, and of making a false declaration, a Class B misdemeanor. She received, based upon the jury recommendation, a sentence of one year imprisonment and a $5,000 fine on the felony charge and a sentence of six months and a $500 fine on the misdemeanor. We affirm the felony conviction and reverse the misdemeanor.

Defendant was employed by a large St. Louis law firm essentially as a bookkeeper. In that position she was responsible for writing checks on the firm's general operating account. Payroll checks were prepared by an outside service. She had the authority and did sign the firm's checks including payroll. During the approximately seven months of her employment with the firm she wrote to herself or endorsed and cashed firm checks totalling in excess of $140,000 over and above her salary. She expended the money for certain bills she had and purchased in addition various luxury items including jewelry, a BMW automobile, a mink coat, a $10,000 piano, and a vacation trip for two to Hawaii. Defendant did not deny writing or cashing the checks but contended she did so with the knowledge and consent of the firm's senior partner with whom she was allegedly having a sexual relationship. The senior partner denied such relationship or of having knowledge or giving consent to defendant writing the checks to herself.

After the commencement of the prosecution, a deposition of the firm's office manager was taken by defendant. During his testimony he stated that defendant was fired for incompetence which included absenteeism of nine days. Defendant's counsel inquired if the witness was aware that defendant's children had been ill at times and that defendant suffered from cancer. The witness was not aware of either situation. Subsequently, the prosecution requested that defendant supply additional information concerning the cancer claim. Thereafter defendant submitted what purported to be a report from a doctor at Barnes Hospital that she had terminal renal cancer, was undergoing chemotherapy, and had a mortality prognosis of twelve to eighteen months. The doctor denied having ever treated defendant and denied having prepared the report. This report was the basis of the false declaration count.

On appeal defendant raises four points, one dealing with the stealing count and three dealing with the false declaration count. We need deal with only two of the points raised.

■ On the stealing count she contends that the trial court erred in denying her Rule 25.04 discovery motion for a physical

examination of the senior partner. In her motion she asserted that the senior partner had "... a mole, birthmark or other type of skin imperfection on the right leg above the knee ..." which she had observed while in bed with him. In deposition he had denied the presence of such a blemish. The motion requested a physical examination to determine whether in fact such a blemish existed.

■ No general right to discovery exists for criminal cases in Missouri. Absent some statutory provision or rule of court, discovery is not permitted. *State v. Clark*, 711 S.W.2d 885 (Mo.App.1986) [3]. Rule 25.04 provides that the defendant may by written motion request "the *state* to disclose material and information not covered by Rule 25.03." If the request is found to be reasonable the court "shall order the *state to disclose* to the defendant that material and information requested which is found by the court to be relevant and material to the defendant's case." (Emphasis supplied). Rule 25.04 does not provide for disclosure by persons other than the state. It contains no provision for requiring physical or other examinations of victims or third parties such as the senior partner here. The record does not reflect that the state had any information on the dermatological condition of the senior partner's leg above the knee of which it could make discovery. In *State v. Clark, supra,* we found no authority for ordering a psychiatric examination of a prosecution witness. We similarly find no authority for the discovery sought here, and defendant has cited us to none. We find the point without merit.

■ Defendant's next point concerns the submissibility of the misdemeanor charge to the jury. Specifically she challenges the existence of evidence establishing that (1) defendant knew the writing was forged, (2) that the writing was in fact false and (3) that the falsity of the writing was material to the purpose for which it was submitted. Sec. 575.060.1(2)(a), RSMo 1986, makes it a crime to submit or invite reliance upon any writing which the defendant knows to be forged, altered or otherwise lacking in au-

thenticity with the purpose to mislead a public servant in the performance of his duty. Subparagraph 2 of that section provides:

"The falsity of the statement or the item under subsection 1 of this section must be as to a fact which is material to the purposes for which the statement is made or the item submitted."

■ It is, obviously, the burden of the state to establish each element of the crime upon which the prosecution is based. An essential element of the misdemeanor charge here is that falsity must be as to a fact "which is material to the purposes for which the statement is made or the item submitted." False testimony as to immaterial matter is not perjury. *State v. Swisher*, 364 Mo. 157, 260 S.W.2d 6 (Mo. banc 1953) [6–8]. The requirements for proof of a false statement are the same for perjury and false declarations. Sec. 575.070.

We are unable to find materiality here. There was no evidence that the information was requested in order to effect in any way the actions of the prosecuting attorney in the handling of this matter. No evidence was adduced that had the report been true the prosecution would have dismissed the stealing charge or handled it any differently than it did. The purpose of the prosecutor in requesting the information on defendant's medical condition was never revealed. The "purpose for which the item" was submitted was never established at trial. For all that appears of record the prosecutor's request for the information was no more than idle curiosity. The information was not submitted to seek any action by the court such as a continuance.

Nor was it material to the trial of the stealing charge. "... facts are material in the trial of a criminal cause that have a tendency to enable the jury to intelligently reach a correct conclusion concerning the guilt or innocence of the defendant." *State v. Moran*, 216 Mo. 550, 115 S.W. 1126 (1909) l.c. 1130. Sick people have no more legal right to commit crimes than do well people. Whether defendant was ill at the time she took the money is not a consideration for the jury in the stealing case. It

was also immaterial whether defendant had a history of absenteeism with the firm and if she did the reasons for the absenteeism. The issues before the jury were whether defendant took money from the firm and whether she did so with consent of the senior partner. Her health was immaterial to either issue; it did not directly or circumstantially tend to prove any issue in the stealing case, and it did not tend to support or give credit to any witness in respect to the main fact. *State v. Swisher, supra.* We find no evidence in this record that the information defendant supplied was material. The prosecution failed to establish that essential element of the charge. We need not, in view of this finding, review defendant's other claims of error.

Conviction on the felony stealing charge is affirmed; conviction on the misdemeanor charge of making a false declaration is reversed.

STEPHAN and SATZ, JJ., concur.