UNITED STATES, Appellee

v

JOSEPH P. SCHOENBERG, Private,
U. S. Army, Appellant

17 USCMA 145, 37 CMR 409

No. 19,566

July 21, 1967

Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Captain Anthony F. Cilluffo, and Captain Paul V. Melodia were on the pleadings for Appellant, Accused.

Colonel Peter S. Wondolowski, Lieutenant Colonel David Rarick, and Captain Salvatore A. Romano were on the pleadings for Appellee, United States.

Opinion of the Court

FERGUSON, Judge:

The accused now stands before this Court convicted of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921, and assault with intent to commit rape, in violation of Code, supra, Article 134, 10 USC § 934, and sentenced to dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for five years, and reduction.[1] We granted his petition for review on the assertion that the law officer erred prejudicially in advising the court:

"If you believe that a witness has willfully sworn falsely to a material fact in the case, you may disregard his testimony in whole or in part, except insofar as it may have been corroborated by other credible evidence."

This was prejudicial error. United States v Robbins, 16 USCMA 474, 37 CMR 94; United States v Byrd, 16 USCMA 488, 37 CMR 108; United States v Silver, 16 USCMA 611, 37 CMR 231; United States v Gaston, 16 USCMA 626, 37 CMR 246. While it is suggested the evidence of guilt is compelling and that the error's effect may thereby be overcome, such a rationale fails to give heed to the exclusive right of the fact finders to weigh credibility and to reject testimony for any reason, as well as the necessity that they find guilt is established by the evidence beyond a reasonable doubt. The instruction, however, forbids the court members so to reject testimony which they find to be corroborated, even though they believe it to have been given by one who has perjured himself. Such a restriction on the lawful function of the court cannot stand and, when made a part of the instructions of the law officer, we will not pause to speculate whether there was testimony which the jury might have, but for the erroneous advice, rejected. United States v Robbins, supra. In short, all issues of guilt or innocence are factual and must be established to the satisfaction of the court-martial. A substantial restriction on its right to ex-

[1] This case has been before us previously, and we at that time set aside other charges and ordered them dismissed. See United States v Schoenberg, 16 USCMA 425, 37 CMR 45. The error now before us was not then assigned or considered. The matter arose on accused's petition from the decision of the board of review on further review, following our decision in United States v Robbins, 16 USCMA 474, 37 CMR 94.

ercise that function must be regarded as an unwarranted invasion of its exclusive province and, hence, prejudicial.

The decision of the board of review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (dissenting):

As the author of the opinion in United States v Robbins, 16 USCMA 474, 37 CMR 94, I can only say I did not intend it to hold, and I do not believe it holds, that the erroneous instruction on the effect of partially false testimony is reversible error, regardless of the absence of any circumstance indicating prejudice to the accused. *Id.*, at page 476, footnote 2.

On the first appeal, the only question before us was sufficiency of the evidence of guilt *aliunde* the accused's confession. As to some offenses we determined the question in the accused's favor, but as to others we decided the matter against him. Although the punishment for the former was nominal, out of an abundance of caution we returned the case to the board of review for reconsideration of the sentence. Now we are told that an error in instruction on the merits requires reversal of all the findings of guilty. I did not perceive error of that kind on the original review, and I still do not see any on this appeal.

The record of trial did not require the court members to weigh the credibility of any witness. The accused's guilt was established out of his own mouth by a complete confession that he assaulted the child with the intent to "rape her" and that he stole the property alleged in the larceny charge. True, he objected to the admissibility of the confession, but his objection was predicated solely upon a legal ground, and that point was properly decided against him. On this record, it is impossible for me to conclude the accused was prejudiced by the instruction. I would affirm the decision of the board of review.