UNITED STATES, Appellant

v

ALEXANDER G. PATTERSON, Specialist Four,
U. S. Army, Appellee

17 USCMA 196, 37 CMR 460

No. 19,985

August 11, 1967

Captain *Salvatore A. Romano* argued the cause for Appellant, United States. With him on the brief were Colonel *Peter S. Wondolowski* and Lieutenant Colonel *David Rarick*.

Captain *Kenneth J. Stuart* argued the cause for Appellee, Accused. With him on the brief were Colonel *Daniel T. Ghent* and Major *David J. Passamaneck*.

## Opinion of the Court

KILDAY, Judge:

Accused was arraigned before a general court-martial convened at Camp Radcliff, Republic of Vietnam, charged with premeditated murder and assault with a deadly weapon, in violation of Articles 118 and 128, Uniform Code of Military Justice, 10 USC §§ 918 and 928, respectively. He pleaded not guilty but was found guilty of unpremeditated murder and assault with a deadly weapon and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for twenty years. The convening authority approved the findings and sentence. The board of review initially affirmed the findings and sentence; however, upon reconsideration it held that the findings and sentence were incorrect in law and ordered a rehearing. The Judge Advocate General of the Army certified the record of trial and the board of review's decision to this Court on the question of whether the board was correct in its finding and action.

The decision of the board of review was based on the presence in this record of an instruction by the law officer, with regard to the credibility of witnesses, held to be prejudicially erroneous by this Court in United States v Robbins, 16 USCMA 474, 37 CMR 94. See also United States v Showalter, 16 USCMA 487, 37 CMR 107; United States v Byrd, 16 USCMA 488, 37 CMR 108; United States v Norris, 16 USCMA 574, 37 CMR 194; United States v Silver, 16 USCMA 611, 37 CMR 231; United States v Gaston, 16 USCMA 626, 37 CMR 246. The complained-of instruction is as follows:

". . . Now, if you believe that a witness has willfully sworn falsely to a material fact in the case, you may disregard his testimony in whole or in part, *except insofar as it may have been corroborated by other*

*credible evidence."* [Emphasis supplied.]

Immediately prior to this instruction, the law officer had correctly informed the court that they were the exclusive judges of the credibility of each witness and of the weight to be given to their testimony. It is manifest, therefore, that the emphasized portion of the instruction is a dilution of this power, for it imposes an obligation not to reject at least that part of the witness' testimony which is corroborated, despite the fact that they may believe the witness to be a perjurer. There simply is no such obligation. Inclusion of the corroborative clause in an instruction was specifically condemned in Shecil v United States, 226 Fed 184 (CA 7th Cir) (1915):

". . . The jury are at liberty to reject his entire testimony, notwithstanding the corroboration. 2 Wigmore, Evidence, § 1012. They are not compelled to believe and to act upon any part of it. They may believe him to be so discredited by his falsehood in the one matter that they will give no weight to his testimony on any point." [*Id.*, at page 187.]

Even if we did not view the instruction as a restriction on the lawful function of the court, it is, as we noted in United States v Robbins, supra, "sufficiently confusing to require its condemnation." (16 USCMA at page 476.)

The Government, as in previous cases on this issue, contends that since "it is clear that no conflict in the testimony existed . . . there is no possible way that the accused could have been prejudiced by the credibility instruction in question." Counsel for the Government, however, misapprehend the issue and the cases relied upon in *Robbins* where we rejected the same contention.

We deal here only with the corroboration portion of the instruction. In United States v Baldwin, 10 USCMA 193, 27 CMR 267, we considered the first portion of the instruction which informed the court that it *may* disregard the testimony, in whole or in part, of one who it believes has willfully sworn falsely to a material fact. While we there observed that the instruction has little value as guidance to the jurors because it asserts an idea "'any person of common judgment would know without judicial instruction'" (10 USCMA at page 195, as quoted from 21 Cal App 2d 185, 69 P2d 224, 233 (1937)), we held that it was not error to withhold or to give that portion of the instruction. The corroboration feature was not included in the instruction in *Baldwin*.

In speaking of the corroboration clause, Dean Wigmore in his Treatise on Evidence, 3d ed, § 1012, observed:

". . . The objection to it is not only that it fetters the jury's action by attaching a condition to their discretion, but that this condition involves logically an impossible and wrong consequence, namely, that if there is such corroboration, the jury may not reject the testimony but *must* give it credit." [Citing numerous State cases.]

Where, as here, the law officer's instruction involves a substantial restriction on the exclusive right of the court members to judge the testimony of the witnesses, prejudice is apparent.

The decision of the board of review is affirmed.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

In my opinion, the evidence in a particular record of trial may demonstrate the absence of any risk of prejudice from the erroneous instruction. See my dissent in United States v Schoenberg, 17 USCMA 145, 37 CMR 409; State v Swisher, 364 Mo 157, 260 SW 2d 6 (1953). Appellate defense counsel refer to differences in the testimony of several of the witnesses, but none relate to "a material fact" in the case. Considered in the light of the testimony and the issues of fact to be decided by the court-martial, the instruction presents no fair risk of prejudice. I would, therefore, answer the certified question in the negative.